IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **United States of America**, | Case No. 5:25-cv-00025-MTT |
| Plaintiff, | |
| vs. | **Motion to Intervene** |
| **Houston County**, et al.**,** | |
| Defendants. | |

Proposed intervenors Courtney Driver and Mike Jones respectfully move the Court to intervene as plaintiffs under Rule 24 of the Federal Rules of Civil Procedure. The movants seek intervention as of right or permissive intervention. A proposed complaint-in-intervention is attached.

## Background

This is an action under Section 2 of the Voting Rights Act of 1965, 52 U.S.C. § 10301, challenging the method of electing members of the Houston County Board of Commissioners. The Attorney General brought

it on behalf of the United States on January 16, 2025. He alleged that the current method of electing members of the Houston County Board of Commissioners dilutes the voting strength of Black voters in violation of Section 2.

Four days later, Donald Trump was inaugurated as President of the United States. His administration is still in its infancy, and it's unclear how the change in administrations from President Biden to President Trump will affect this litigation. But the first Trump administration switched sides in voting cases brought by the Obama administration and took positions opposing the interests of Black voters. *See, e.g.,* Sari Horwitz, *Justice Dept. sides with Ohio's purge of inactive voters in case headed to Supreme Court*, Wash. Post, Aug. 8, 2017; Alex Ura, *Trump administration opposes a return to federal oversight for Texas redistricting, reversing Obama-era stance*, Tex. Tribune, Jan. 16, 2019. And the current Trump administration has already issued a freeze on activity by the Civil Rights Division.  *See* Perry Stein & David Nakamura, *Justice Department issues freeze for civil rights division*, Wash. Post, Jan 22, 2025.

2

The proposed intervenors are two Black voters in Houston County. Their proposed complaint-in-intervention overlaps substantially with the complaint filed by the United States. But there are some important differences.

First, the proposed complaint-in-intervention includes the Houston County Board of Elections and its chair as defendants. The Board of Elections—not the Board of Commissioners—administers elections for the Board of Commissioners and is thus a proper (even necessary) defendant here. *See* O.C.G.A. § 21-2-40; *see also National Broad. Co., Inc. v. Cleland*, 697 F. Supp. 1204, 1216 (N.D. Ga. 1988) ("It is the Superintendents who supervise the election and primary process on a local level and ensure compliance with Georgia's election laws."). Under Georgia law, the election superintendent is "[e]ither the judge of the probate court of a county or the county board of elections, the county board of elections and registration, the joint city-county board of elections, or the joint city-county board of elections and registration, if a county has such." O.C.G.A. § 21-2-2(35)(A). In Houston County, the Board of Elections is the election superintendent.

3

Second, the proposed complaint-in-intervention alleges that there are a broader range of possible remedies for the alleged vote dilution than are alleged in the United States' complaint. These allegations track the Eleventh Circuit's recent decision in *Rose v. Secretary of State*, 87 F.4th 469 (11th Cir. 2023). The Attorney General—for whatever reason—has chosen not to suggest these remedies.

Third, the proposed complaint-in-intervention alleges a history of discrimination that extends beyond Houston County. That's in recognition of the fact that the Georgia General Assembly—not the Houston County Board of Commissioners—determines the method of electing the Houston County Board of Commissioners.

## Discussion

### I.    Intervention as of Right

A party seeking to intervene as of right under Rule 24(a)(2) must satisfy the following requirements: (1) the motion to intervene must be timely; (2) the interest asserted must relate to the property or transaction which is the subject of the action; (3) the applicant must be so situated that disposition of the action, as a practical matter, may impede or impair the ability to protect that interest; and (4) the interest

asserted must be represented inadequately by the existing parties to the suit. *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989). The movants here satisfy all of these requirements.

First, this motion is timely because this case was filed just last week. The defendants have waived service (ECF 5), and the defendants' answer isn't due for weeks. This case is just getting started.

Second, the movants—as Black voters in Houston County—have an interest in the method of electing their county commissioners that is alleged to dilute their votes. They could bring this action all by themselves in a separate lawsuit. *See, e.g., Wright v. Sumter Cnty. Bd. of Elections and Registration*, 979 F.3d 1282 (11th Cir. 2020) (Section 2 claim to the method of electing county commissioners brought by a single Black voter).

Third, this action is likely to impair their ability to protect that interest because there can be only one method of electing the Board of Commissioners. "All that is required" under the third part of the intervention standard "is that the would-be intervenor be practically disadvantaged by his exclusion from the proceedings." *Huff v. Comm'r of IRS*, 743 F.3d 790, 800 (11th Cir. 2014). Excluding the movants from the

proceedings would mean that they would have no say in the method of electing their county government.

And, finally, the movants' interest is inadequately represented by the United States because of the significant differences between the Attorney General's complaint and the proposed complaint-in-intervention and because of the significant possibility that the incoming Trump administration will switch sides to oppose the interests of Black voters as it has done repeatedly in the past. This part of the intervention standard "should be treated as minimal and is satisfied unless it is clear that the existing parties will provide adequate representation." *Id.* (cleaned up). Here, adequate representation is doubtful, at best.

## II.  Permissive Intervention

A court may grant permissive intervention under Rule 24 if the movant can demonstrate that (1) the motion to intervene is timely and (2) the claim asserted and the main action have a question of law or fact in common. *Chiles*, 865 F.2d at 1213. Additionally, the court must consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

Permissive intervention "lies within the discretion of the district court." *Athens Lumber Co. v. FEC*, 690 F.2d 1364, 1367 (11th Cir. 1982).

Here, the motion to intervene is timely for the reasons discussed above. It comes barely a week after the United States filed this case.

The movants' claim has many questions of law and fact in common with the underlying action. While there are some important differences, the proposed intervenors' claim overlaps significantly with the United States' claim.

Lastly, granting permissive intervention here would not unduly delay or prejudice the adjudication of any party's rights. The proposed intervenors are prepared to litigate this case expeditiously and seek no delay. They do not seek to multiply the proceedings. They merely seek to protect the rights of Black voters in Houston County.

## Conclusion

For these reasons, this Court should grant the motion to intervene.

Respectfully submitted this 25th day of January, 2025.

**/s/ _Bryan L. Sells_**
Georgia Bar No. 635562
The Law Office of Bryan L. Sells, LLC
Post Office Box 5493
Atlanta, Georgia 31107-0493
(404) 480-4212 (voice/fax)
bryan@bryansellslaw.com


**/s/ _Lynsey M. Barron_**
Georgia Bar No. 661005
Barron Law LLC
1800 Peachtree St. NE, Suite 300
Atlanta, Georgia 30309
404-276-3261
lynsey@barron.law


*Attorneys for the Movants*

8