IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HOUSTON COUNTY, et al., ) <br> ) <br> Defendants. ) <br> ) | CIVIL ACTION NO. 5:25-cv-25 (MTT) |

### ORDER

The United States filed this action under Section 2 of the Voting Rights Act of 1965, 52 U.S.C. § 10301, challenging the method of electing members of the Houston County Board of Commissioners.  Doc. 1.  Courtney Driver and Michael Jones allege that they are Black registered voters in Houston County, Georgia, and seek to intervene in the underlying action.  Docs. 7; 7-1 ¶¶ 5–6.  The United States opposes intervention as of right but does not oppose permissive intervention.  Doc. 10.  The defendants (collectively, "Houston County") oppose both theories of intervention.  Doc. 11.  For the reasons that follow, the motion to intervene is **GRANTED**.

### I. BACKGROUND

Driver and Jones argue that they are entitled to intervene as of right because their motion is timely given that it was filed shortly after the United States' complaint; they have a clear interest in the litigation because they could bring this action by themselves; excluding Driver and Jones would deprive them of a say in the method of electing their county government; and the United States inadequately represents their

interests.  Doc. 7 at 5–6.  In the alternative, Driver and Jones argue that the Court should allow permissive intervention because the motion to intervene is timely; their claim has questions of law and fact in common with the underlying action; and intervention would not unduly delay or prejudice the adjudication of any party's rights.  *Id.* at 7.

Houston County argues that Driver and Jones are not entitled to intervention as of right because (1) they have not stated a legal interest in the pending litigation; (2) they would not be disadvantaged by exclusion; and (3) the United States adequately represents their interests.[1]  Doc. 11 at 2.  As to permissive intervention, Houston County asks the Court to exercise its discretion against Driver and Jones because their "claims do not add any additional material information" and because they "can easily be called as witnesses … and present evidence" if this case moves forward.  *Id*. at 10.

## II. DISCUSSION

Rule 24(a) of the Federal Rules of Civil Procedure provides for intervention as of right, and Rule 24(b) provides for permissive intervention in the Court's discretion.  To intervene as of right, a movant must satisfy four requirements: "(1) his application to intervene is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) he is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing parties to the suit." *Purcell v. Bank Atlantic Fin. Corp.*, 85 F.3d 1508, 1512 (11th Cir. 1996).  "When the party seeking intervention has the same ultimate objective as a party to the suit, a presumption arises that its

---

[1] Houston County does not contest the timeliness of the motion.  Doc. 11 at 2.

interests are adequately represented, against which the petitioner must demonstrate adversity of interest, collusion, or nonfeasance." *Int'l Tank Terminals, Ltd. v. M/V Acadia Forest*, 579 F.2d 964, 967 (5th Cir. 1978).[2]

Rule 24(b) provides for permissive intervention if the motion is timely and the intervening party "has a claim or defense that shares with the main action a common question of law or fact." "If there is no right to intervene under Rule 24(a), it is wholly discretionary with the court whether to allow intervention under Rule 24(b)." *Purcell*, 85 F.3d at 1513 (citation omitted). Courts ask two questions when considering whether to allow permissive intervention. First, whether "the applicant's claim or defense and the main action have a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B); *Stallworth v. Monsanto Co.*, 558 F.2d 257, 269 (5th Cir. 1977). Second, whether intervention should be allowed in light of potential undue delay or prejudice to the existing parties. Fed. R. Civ. P. 24(b)(3); *Stallworth*, 558 F.2d at 269.

Here, Driver and Jones argue that the Court should grant permissive intervention under Rule 24(b). The Court agrees. Houston County does not dispute that Driver and Jones satisfy the requirements for permissive intervention. Doc. 11 at 10. Instead, Houston County argues that the Court should nonetheless deny permissive intervention because it is "'unlikely that any new light will be shed on the issues to be adjudicated.'" *Id.* (quoting *Chiles v. Thornburgh*, 865 F.2d 1197, 1215 (11th Cir.1989)).

The Court finds that Driver and Jones seek to offer evidence that could shed a different light on issues before this Court. *See* Doc. 7-1 at 5, 7. Thus, the Court sees

---

[2] The Eleventh Circuit has adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

no basis to deny intervention in its discretion and concludes that Driver and Jones are entitled to permissive intervention under Rule 24(b).[3]  Accordingly, the motion to intervene (Doc. 7) is **GRANTED**.

**SO ORDERED**, this 4th day of March, 2025.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[3] In light of the Court's ruling, it need not address whether Driver and Jones are entitled to intervene as of right.  See, e.g., New Ga. Project v. Raffensperger, 2021 WL 2450647, at *2 (N.D. Ga. June 4, 2021).