IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **United States of America**, <br><br> Plaintiff, <br><br> vs. <br><br> **Houston County**, *et al.***,** <br><br> Defendants. | Case No. 5:25-cv-00025-MTT <br><br> **Complaint-in-Intervention** |

## Nature of the Case

1. This is an action under Section 2 of the Voting Rights Act of 1965, 52 U.S.C. § 10301, challenging the method of electing members of the Houston County Board of Commissioners.

2. The plaintiff-intervenors are Black voters, and they seek declaratory and injunctive relief prohibiting further use of the existing method of election on the ground that it dilutes Black voting strength in violation of Section 2.

## Jurisdiction and Venue

3. This Court has original jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1343(a)(3)-(4), and 2201(a), 42 U.S.C. § 1983, and 52 U.S.C. § 10308(f).

4. Venue is proper in this Court under 28 U.S.C. §§ 90(b)(2) and 1391(b).

## Parties

5. Plaintiff-Intervenor Courtney Driver is a Black resident and registered voter in Houston County, Georgia.

6. Plaintiff-Intervenor Michael C. Jones is a Black resident and registered voter in Houston County, Georgia.

7. Defendant Houston County is a political subdivision of the State of Georgia.

8. Defendants Dan Perdue, Shane Gottwals, Gail Robinson, Tal Talton, and Mark Byrd are elected members of the Houston County Board of Commissioners. They are sued in their official capacities.

9. Defendant Houston County Board of Elections is responsible for conducting elections for members of the Houston County Board of Commissioners.

10. Defendant Pamela Morgan is the chair of the Houston County Board of Elections. She is sued in her official capacity.

## Background

11. The Houston County Board of Commissioners has five members, elected in staggered at-large contests for four-year terms. Each member is elected to a numbered Post, with the commissioner elected from Post 1 serving as chairman.

12. Elections for the Houston County Board of Commissioners are held in November of even-numbered years and are preceded by partisan primaries in May. If no candidate obtains a majority in a primary or the general election, the top two finishers advance to a runoff election four weeks later. Voters may cast one vote for a candidate running for election to each numbered Post.

13. According to the 2020 Census, Houston County has a population of 163,633, including 86,211 non-Hispanic White persons (52.7%) and 54,148 non-Hispanic Black persons (33.1%). Houston County also has a voting-age population of 122,118, including 68,018 non-Hispanic White persons (55.7%) and 38,329 non-Hispanic Black persons (31.4%).

14. The 2018-2022 American Community Survey estimated that Houston County had a citizen voting-age population of 118,735, including 69,195 non-Hispanic White persons (58.3%) and 37,405 non-Hispanic Black persons (31.5%).

15. There are approximately 105,000 active registered voters in Houston County, including approximately 58,000 White registered voters (55%) and approximately 32,000 Black registered voters (30%).

16. White registered voters in Houston County turn out to vote at higher rates than Black registered voters in Houston County.

17. The Black population of Houston County is sufficiently numerous and geographically compact to constitute a majority of the voting-age population and the citizen voting-age population in a single-member district for the Houston County Board of Commissioners under a five-district plan.

18. The Black population of Houston County is also sufficiently numerous and geographically compact to constitute a majority of the voting-age population and citizen voting-age population in a single-member district for the Houston County Board of Commissioners under a four-district plan.

19. There are also numerous remedies that could be adopted within the confines of a countywide system of elections for four or five members of the Houston County Board of Commissioners. These remedies include, but are not limited to, cumulative voting, limited voting, and ranked-choice or single transferable voting. Black voters in Houston County would have a meaningful opportunity to elect at least one member of the Board of Commissioners under each of these countywide remedies.

20. Since Reconstruction, only one Black candidate, Houston Porter, has been elected to the Houston County Board of Commissioners.

21. After an unsuccessful campaign in 1978, Porter was elected to the Houston County Board of Commissioners in 1980. Porter defeated an incumbent in a primary runoff election by only 49 votes and was uncontested in the general election. Porter was reelected in 1984 and 1988 and declined to seek reelection in 1992.

22. Black candidates ran for the Houston County Board of Commissioners in 1992, 1994, 2002, 2016, 2020, and 2022. During this period, Black candidates have run as Democrats, as a Republican, and

as an independent. All were defeated in partisan primaries or general elections.

23. In elections for the Houston County Board of Commissioners, the Black population of Houston County is politically cohesive, and the White population votes sufficiently as a bloc to usually defeat the preferred candidate of Black voters.

24. Black voters consistently vote for Black candidates for the Houston County Board of Commissioners.

25. Since 2002, at least 85% of Black voters have supported Black candidates in general elections for the Houston County Board of Commissioners.

26. Although relatively few Black voters have participated in Republican primaries, most of the Black voters who did participate in the 2022 Republican primary supported a Black Republican candidate for the Houston County Board of Commissioners.

27. In contests between Black candidates and White candidates for the Houston County Board of Commissioners, White voters cast their ballots sufficiently as a bloc to defeat Black voters' preferred candidate.

28. Since 2002, fewer than one-fourth of White voters supported Black-preferred Black candidates in general elections for the Board of Commissioners. Since 2016, fewer than one in ten White voters have supported Black-preferred Black candidates in general elections for the Board of Commissioners. As a result, each Black-preferred Black candidate was defeated.

29. Even when a Black candidate has run as a Republican and received majority support from participating Black voters in the primary election, less than one-fourth of White voters supported that candidate in that primary. As a result, this Black-preferred Black candidate was defeated.

30. Houston County and the State of Georgia have a long and extensive history of voting discrimination against Black voters.

31. Voting in elections for members of the Houston County Board of Commissioners is polarized along racial lines.

32. Elections for members of the Houston County Board of Commissioners feature voting practices that enhance the opportunity for discrimination against Black voters, including staggered terms, numbered posts, and a majority-vote requirement.

33. Black residents of Houston County bear the effects of discrimination in such areas as housing, employment, and health, which hinder their ability to participate effectively in the political process.

34. The existing at-large method of electing members of the Houston County Board of Commissioners lacks proportionality in that the percentage of districts in which Black voters constitute an effective majority is less than the Black percentage of Houston County's voting-age population.

## Relief

35. A real and actual controversy exists between the parties.

36. The plaintiffs have no adequate remedy at law other than this action for declaratory and equitable relief.

37. The plaintiffs are suffering irreparable harm as a result of the violation complained of herein, and that harm will continue unless declared unlawful and enjoined by this Court.

WHEREFORE, the plaintiff-intervenors respectfully pray that this Court:

(1) enter a declaratory judgment that the current method of electing members of the Houston County Board of Commissioners dilutes black voting strength in violation of Section 2 of the Voting Rights Act, 52 U.S.C. § 10301;

(2) enjoin the defendants from administering any future elections for members of the Houston County Board of Commissioners using the current method of election;

(3) order the defendants to administer future elections for members of the Houston County Board of Commissioners using a method of election that complies with Section 2 of the Voting Rights Act;

(4) award the plaintiff-intervenors the costs of this action together with their reasonable attorneys' fees and expenses under 52 U.S.C. § 10310(e) and 42 U.S.C. § 1988; and

(5) retain jurisdiction of this action and grant the plaintiff-intervenors any further relief which may in the discretion of the Court be necessary and proper.

Respectfully submitted this 5th day of March, 2025.

**/s/ Bryan L. Sells**
Georgia Bar No. 635562
The Law Office of Bryan L. Sells, LLC
Post Office Box 5493
Atlanta, Georgia 31107-0493
(404) 480-4212 (voice/fax)
bryan@bryansellslaw.com


**/s/ Lynsey Morris Barron**
Georgia Bar No. 661005
Barron Law LLC
1800 Peachtree St. NE, Suite 300
Atlanta, Georgia 30309
404-276-3261
lynsey@barron.law

*Attorneys for the Plaintiff-Intervenors*