IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| *Plaintiff*, | |
| v. | Civil Action No. 5:25-cv-0025-MTT |
| HOUSTON COUNTY, *et al.*, | |
| *Defendants*. | |

**COUNTY DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

**INTRODUCTION**

This case is an enforcement action originally brought by the Attorney General under the Voting Rights Act (VRA) challenging the countywide method of election of the five-member Board of Commissioners of Houston County. [Doc. 1]. DOJ claims that the current method of at-large elections for commissioners "dilutes the voting strength of Black voters in violation of the VRA." [Doc. 1 at ¶ 3]. It seeks an injunction to prevent the continued use of "the current method of election" against only Houston County and the individual members of the Board of Commissioners in their official capacities. [Doc. 1 at 8]. And while the Attorney General has a right to file such an action under 52 U.S.C. § 10308(d), he cannot proceed in this case because he has not sued the correct party. Houston County and the individual members of the

Board do not administer the elections in Houston County and did not adopt the countywide method of election. And enjoining them cannot change the current method of election of commissioners as DOJ seeks. This Court therefore lacks subject matter jurisdiction to hear DOJ's claim and the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

## ARGUMENT AND CITATION OF AUTHORITY

### I. Legal standard.

When considering motions to dismiss for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the court need not look beyond the complaint and all the allegations contained in it "are taken as true for the purposes of the motion." *Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir. 1990) (internal citations omitted). And "[o]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

### II. This Court lacks subject-matter jurisdiction over the Complaint.

#### A. DOJ's claims are not traceable to or redressable by the named defendants.

"Federal courts have an independent obligation to ensure that subject-matter jurisdiction exists before reaching the merits of a dispute." *Jacobson v. Fla. Sec'y of State*, 974 F.3d 1236, 1245 (11th Cir. 2020). "Absent a justiciable

case or controversy between interested parties, [federal courts] lack the 'power to declare the law.'" *Wood v. Raffensperger*, 981 F. 3d 1307, 1313 (11th Cir. 2020) (quoting *Steel Co. v. Citizens for A Better Env't*, 523 U.S. 83, 94 (1998)). This is because "[t]he Constitution makes clear that federal courts are courts of limited jurisdiction." *Id.* at 1310 (citing U.S. CONST. Art. III). Given this Court's limited jurisdiction, plaintiffs must demonstrate "(1) an injury in fact that (2) is fairly traceable to the challenged action of the defendant and (3) is likely to be redressed by a favorable decision." *Jacobson*, 974 F.3d at 1245. And "[t]he party invoking federal jurisdiction bears the burden of establishing these elements." *Lujan v. Defs. Of Wildlife,* 504 U.S. 555, 561 (1992).

The key questions for traceability and redressability "are who caused the injury and how it can be remedied." *City of S. Miami v. Gov. of Fla.*, 65 F.4th 631, 640 (11th Cir. 2023). Courts ask the latter question because "[f]ederal courts have no authority to erase a duly enacted law from the statute books." *Jacobson,* 974 F.3d at 1255 (quoting Jonathan F. Mitchell, *The Writ-of-Erasure Fallacy*, 104 VA. L. REV. 933, 936 (2018)). Instead, they possess only the more limited authority to "enjoin executive officials from taking steps to enforce a statute." *Id.* And even then, they "exercise that power *only* when the officials who enforce the challenged statute are made parties to the suit." *Id.* (emphasis added).

3

As a result, if another party—such as a district attorney or county election official—can continue to implement the challenged provisions even if this Court were to enjoin the parties here, an order from this Court would hardly solve the problem DOJ claims it has identified. To establish redressability, "it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Lujan,* 504 U.S. at 61 (quoting *Simon v. Eastern Ky. Welfare Rights Org.,* 426 U.S. 26, 38, 43 (1976)). Here, DOJ relies entirely on speculation because it sued the wrong party. Even if an order from this Court might persuade the correct non-parties to follow its injunction, that is not enough. "Redressability requires that the court be able to afford relief *through the exercise of its power,* not through the persuasive or even awe-inspiring effect of the opinion *explaining* the exercise of its power." *Lewis v. Governor of Alabama,* 944 F. 3d 1287, 1305 (11th Cir. 2019) (en banc) (quoting *Franklin v. Massachusetts,* 505 U.S. 788, 825 (1992) (Scalia, J., concurring in part and concurring in the judgment) (emphasis original)).

Further, any "injury cannot 'result [from] the independent action of some third party not before the court.'" *Anderson v. Raffensperger*, 497 F. Supp. 3d 1300, 1328 (N.D. Ga. 2020) (quoting *Hollywood Mobile Estates Ltd. v. Seminole Tribe of Fla.*, 641 F.3d 1259, 1265 (11th Cir. 2011)). And "traceability does not exist where 'an independent source would have caused [plaintiff] to suffer the

4

same injury.'" *Id.* (quoting *Swann v. Sec'y, Georgia*, 668 F.3d 1285, 1288 (11th Cir. 2012)).

## B. Neither Houston County itself nor its Board of Commissioners conduct elections in Houston County.

In Georgia, county boards of election administer elections. O.C.G.A. § 21-2-70. Multiple courts have confirmed that boards "are charged under Georgia law with the responsibility of administering [] elections." *Georgia Shift v. Gwinnett Cnty.,* No. 1:19-CV-01135-AT, 2020 WL 864938, at *5 (N.D. Ga. Feb. 12, 2020); *see also Ga. Ass'n of Latino Elected Offs., Inc. v. Gwinnett Cnty. Bd. of Registration & Elections*, 36 F.4th 1100, 1108 (11th Cir. 2022); *Fair Fight Action, Inc. v. Raffensperger*, No. 1:18-CV-5391-SCJ, 2021 WL 9553855, at *11 (N.D. Ga. Feb. 16, 2021). This is true in Houston County as well, where the administration of elections is carried out by the Board of Elections. O.C.G.A. §§ 21-2-2(35)(A) and 21-2-70; Houston County, Ga., Code, Ch. 2, Article III, Div. 10, § 2-258 (creation of county board of elections).

County governing authorities, on the other hand, such as the county or the board of commissioners, do not administer or supervise elections.[1] But DOJ requests this Court enter an injunction against only the County and the Board

---

[1] Houston County's method of election was set by the Georgia General Assembly, not by Houston County. *See* 1970 GA. LAWS, page 2962–63 § 2 (most recent amendment regarding method of election).

5

of Commissioners to prevent "any future elections for the Houston County Board of Commissioners under the current method of election." [Doc. 1 at 8]. That kind of an injunction would prove futile because the "officials who enforce the challenged" practice are not defendants in DOJ's Complaint.[2] *Jacobson*, 974 F.3d at 1255. Thus, DOJ's complaint does not satisfy the redressability requirement that "a court decision… either eliminate the [alleged] harm or compensate for it." *Muransky v. Godiva Chocolatier, Inc.*, 979 F.3d 917, 924 (11th Cir. 2020) (en banc).

The Attorney General's claims in this case are not redressable by or traceable to either Houston County or its Board of Commissioners. Without these key elements of standing, this Court lacks subject matter jurisdiction, and the Complaint fails to state a claim upon which relief can be granted. For these reasons, the Complaint should be dismissed.

## CONCLUSION

This Court lacks subject-matter jurisdiction to consider DOJ's Complaint because it does not sue the correct parties. This Court should dismiss the Complaint.

---

[2] The Attorney General's authority to bring actions to enforce Section 2 also specifically mentions local election officials. *See* 52 U.S.C. § 10308(d).

Respectfully submitted this 17th day of March, 2025.

*/s/ Bryan P. Tyson*
Bryan P. Tyson
Georgia Bar No. 515411
btyson@clarkhill.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@clarkhill.com
Diane Festin LaRoss
Georgia Bar No. 430830
dlaross@clarkhill.com
**Clark Hill PLC**
3630 Peachtree Road NE
Suite 550
Atlanta, Georgia 30326
678.370.4377 (phone)

*Counsel for County Defendants*