## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

COURTNEY DRIVER, *et al.*,

    *Plaintiffs*,

      v.

HOUSTON COUNTY BOARD OF
ELECTIONS, *et al.*,

    *Defendants*.

Civil Action No. 5:25-cv-0025-MTT

### DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants Houston County Board of Elections and Pamela Morgan moved to dismiss this case, relying on the lack of a private right of action under § 2 of the Voting Rights Act (VRA) and the inability of plaintiffs to enforce § 2 through 42 U.S.C. § 1983. [Doc. 29-1]. At that time, Defendants noted the absence of decisions regarding use of § 1983 to enforce § 2. *Id*. That has now changed and provides a further basis on which this Court should dismiss this action in its entirety.

On May 14, 2025, the U.S. Court of Appeals for the Eighth Circuit addressed the § 1983 question directly, concluding that private plaintiffs cannot "maintain a private right of action for alleged violations of § 2 through 42 U.S.C. § 1983." *Turtle Mountain Band of Chippewa Indians, v. Howe*, No. 23-3655, 2025 WL 1389774, at *1 (8th Cir. May 14, 2025). In *Turtle Mountain*,

the plaintiffs sought to enforce § 2 through § 1983 on a claim of vote dilution involving legislative redistricting maps. *Id*. at *1. The Eighth Circuit vacated the district court's decision finding a violation of § 2 and directed the dismissal of the case "for want of a cause of action." *Id*. at *7.

The Eighth Circuit began and ended its analysis with the first step of the Supreme Court's two-step test "for determining whether a cause of action exists under § 1983," which requires courts to first "determine whether Congress intended to create 'new rights enforceable under §1983.'" *Id*. at *3–4 (quoting *Gonzaga Univ. v. Doe*, 536 U.S. 273, 290 (2002)). Referring to its prior ruling in *Ark. State Conf. NAACP v. Ark. Bd. of Apportionment*, 86 F.4th 1204, 1209–10 (8th Cir. 2023), the court explained that the determination of whether a "statutory violation may be enforced through § 1983" begins—like the question of a private right of action—with deciding "whether Congress *intended to create a federal right*." *Turtle Mountain*, 2025 WL 1389774, at *4 (emphasis original).

The court concluded that, while the *Turtle Mountain* plaintiffs were "within the general zone of interest that the statute is intended to protect," they could not enforce § 2 through § 1983 "[b]ecause § 2 does not unambiguously confer an individual right." *Id*. at *5, *7. This was because "[a] statute unambiguously confers an individual right when it is phrased 'with *unmistakable focus* on the benefited class.'" *Id*. at *4 (quoting *Gonzaga Univ.*,

536 U.S. at 284) (emphasis original). When Congress created § 2, it focused both on the individuals protected and the entities regulated, meaning it did not speak "with a 'clear voice' that manifests an 'unambiguous' intent to confer individual rights." *Id*. at *5 (quoting *Gonzaga Univ.*, 536 U.S. at 280). And "nothing short of an 'unambiguously' conferred individual right [] support[s] a cause of action brought under § 1983." *Id*. at *4 (quoting *Gonzaga Univ.*, 536 U.S. at 283). As a result, § 2 is not enforceable through § 1983 because it fails the first step of the analysis. *Id*. at *7.[1]

The Eighth Circuit's analysis applies equally to Defendants' motion to dismiss here. In this case, Plaintiffs are private parties seeking to assert a § 2 vote-dilution claim through 42 U.S.C. § 1983. [Doc. 14 at ¶ 3]. But because there is no private right of action and because § 2 does not unambiguously

---

[1] The dissent disagrees, concluding that the language the majority relies on from *Ark. State Conf. NAACP* about § 2 not conferring an individual right was only dicta. *Turtle Mountain,* 2025 WL 1389774, at *9 (Colloton, C. J., dissenting). But even if this Court were to disagree with the majority's conclusion and find that § 2 unambiguously confers an individual right, Congress still intended to preclude private enforcement for the reasons outlined in Defendants' motion to dismiss. The dissent relies primarily on a case that involved a statute without any "careful congressional tailoring." *Health & Hosp. Corp. of Marion Cnty. v. Talevski*, 599 U.S. 166, 190 (2023) (cleaned up). But that is exactly what is present in the VRA, which provides for the Attorney General to carefully assess and enforce § 2 against government entities. Further, it would be incompatible with that structure to allow individuals to bypass that enforcement procedure by using § 1983. *Middlesex Cnty. Sewerage Auth. v. Nat'l Sea Clammers Ass'n*, 453 U.S. 1, 20 (1981).

confer an individual right, Plaintiffs cannot "maintain a private right of action for alleged violations of § 2 through 42 U.S.C. § 1983." *Turtle Mountain,* 2025 WL 1389774, at *1.

For this reason and those set forth in Defendants' motion to dismiss, this Court should grant Defendants' motion and dismiss this case.

Respectfully submitted this 19th day of May, 2025.

*/s/ Bryan P. Tyson*
Bryan P. Tyson
Georgia Bar No. 515411
btyson@clarkhill.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@clarkhill.com
Diane Festin LaRoss
Georgia Bar No. 430830
dlaross@clarkhill.com
**Clark Hill PLC**
3630 Peachtree Road NE
Suite 550
Atlanta, Georgia 30326
678.370.4377 (phone)

*Counsel for Defendants*