IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **Courtney L. Driver**, et al., | Case No. 5:25-cv-00025-MTT |
| Plaintiffs, | |
| vs. | **Plaintiffs' Notice of Supplemental Authority** |
| **Houston County Board of Elections**, et al.**,** | |
| Defendants. | |

Plaintiffs Courtney Driver and Mike Jones respectfully submit this notice of supplemental authority to bring to the Court's attention the Supreme Court's recent decision in *Medina v. Planned Parenthood South Atlantic*, No. 23-1275, 606 U.S. __ (June 26, 2025) (attached). As discussed below, *Medina* provides additional support for the plaintiffs' opposition to the defendants' motion to dismiss this case for lack of jurisdiction. (ECF 29.)

In support of their motion, the defendants argued that the plaintiffs' claim under Section 2 of the Voting Rights Act can't be enforced through 42 U.S.C. § 1983. (ECF 29-1 at 12-13; ECF 34 at 1-4;

ECF 36 at 9-10.) That's because, according to them, Section 2 of the Voting Rights Act doesn't "unambiguously" create any rights at all. (ECF 34- at 3-4.). But *Medina* undermines the defendants' argument in at least three ways.

First, *Medina* underscores that Congress's use of the word "right" in statutory language and title headings carries great weight. Slip op. 15-17. "[A] title may underscore that the statutory text creates a right[.]" Slip op. 21. The Court provided an example from the Federal Nursing Home Reform Act, 42 U.S.C. § 1396r(c), which was the statute at issue in *Health and Hospital Corporation of Marion County v. Talevski*, 599 U.S. 166 (2023), as containing rights-creating language on its face:

**"(c) Requirements relating to residents'** *rights*

"**(1) General** *rights*

"**(A) Specified** *rights*

"A nursing facility must protect and promote the *rights of each resident*, including each of the following *rights*:

"**(i) Free choice**

"The *right* to choose a personal attending physician .-.-.-."

Slip. op. 16 (emphasis in opinion). Likewise, the explicit rights-based language in Section 2 of the Voting *Rights* Act unambiguously confers an enforceable individual right.  *See* 52 U.S.C. § 10301(a) (protecting the "right of any citizen . . . to vote" free from racial discrimination). *Medina* thus supports the plaintiffs' argument that Section 2 contains rights-creating language that can be enforced through Section 1983. (ECF 35 at 16.)

Second, *Medina* makes clear that the *Gonzaga* test requiring "clear and unambiguous" notice for creation of a personally enforceable right is aimed at spending-power statutes. *See* slip op. 14 ("'*Gonzaga* sets forth our established method' for determining whether a spending-power statute confers individual rights.") (quoting *Talevski*, 599 U.S. at 183)); *id.* at 15 (explaining that the *Gonzaga* test "measure[s] whether spending-power legislation confers a privately enforceable right"); *id.* at 24 (same). *Medina* thus undermines the defendants' insistence that the *Gonzaga* test applies here. (ECF 34 at 2-3.)

Third, Justice Thomas's *Medina* concurrence restates his view that Section 1983 enforcement should be limited to Reconstruction Amendment legislation, of which the Voting Rights Act is clearly one.

3

Thus, under even his most restrictive understanding, Section 1983 enforcement clearly applies to the Voting Rights Act. Slip op. 6-7 n.3, 10-11; (Thomas, J., concurring).

*Medina* also undermines the primary authority upon which the defendants rely for their Section 1983 argument: the Eighth Circuit's recent ruling in *Turtle Mountain Band of Chippewa Indians v. Howe*, 137 F.4th 710 (8th Cir. 2025). That case, which is currently pending on a petition for rehearing en banc, is inconsistent with *Medina* for the same reasons articulated here.

Respectfully submitted this 30th day of June, 2025.

**/s/** *Bryan L. Sells*
Georgia Bar No. 635562
The Law Office of Bryan L. Sells, LLC
Post Office Box 5493
Atlanta, Georgia 31107-0493
(404) 480-4212 (voice/fax)
bryan@bryansellslaw.com

Lynsey Barron
Georgia Bar No. 661005
Barron Law LLC
1800 Peachtree St. NE, Suite 300
Atlanta, Georgia 30309
404-276-3261
lynsey@barron.law

Arielle Anderson (*Admitted Pro Hac Vice*)
arielle.anderson@hoganlovells.com
HOGAN LOVELLS US LLP
609 Main St., Suite 4200
Houston, Texas 77002
Tel. (713) 632-1400
Fax (713) 632-1401

David Newmann (*Admitted Pro Hac Vice*)
HOGAN LOVELLS US LLP
1735 Market St., 23rd Floor
Philadelphia, Pennsylvania 19103
Tel. (267) 675-4600
Fax (267) 675-4601
david.newmann@hoganlovells.com

*Attorneys for the Plaintiffs*