IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| COURTNEY DRIVER, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> HOUSTON COUNTY BOARD OF ELECTIONS, *et al.*, <br><br> *Defendants*. | Civil Action No. 5:25-cv-0025-MTT |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants Houston County Board of Elections and Pamela Morgan agree that the recent Supreme Court decision in *Medina v. Planned Parenthood S. Atlantic,* No. 23-1275, 2025 WL 1758505 (U.S. June 26, 2025), is important for this Court's consideration of Defendants' Motion to Dismiss, but not for the reasons Plaintiffs claim. The reality is *Medina* undermines Plaintiffs' position and further supports why this Court should dismiss this case.

The Supreme Court in *Medina* outlined "how to determine whether a statute confers an individually enforceable right under § 1983." *Id.* at *6. In doing so, the Court noted that for most the provision's nearly 150-year history, § 1983 suits were only initiated to protect constitutional rights. *Id.* It was not

1

until 1980 that the Supreme Court "recognized for the first time… that § 1983 could reach statutory violations in addition to constitutional ones." *Id.* at *16 (Thomas, J., concurring). But even in those situations, it was still only the "atypical" case where a federal statute *creates* an individual right. *Id.* at *6 (quoting *Health & Hosp. Corp. of Marion Cnty. v. Talevski*, 599 U.S. 166, 183 (2023)). *Medina* acknowledged and reinforced that proposition, with the Court again deciding that for a federal statute to create an individual right—as distinct from merely providing a "benefit" or protecting an "interest"—the statute must "clearly" and "unambiguously" use "rights-creating terms" and have an "unmistakable focus" on individuals. *Id.* (quoting *Gonzaga Univ. v. Doe,* 536 U.S. 273, 283 (2002) (cleaned up)). The Court also again emphasized that this is a "stringent and demanding test." *Id.* (internal quotations omitted). And "even for the rare statute that satisfies it . . . a § 1983 action still may not be available if Congress has displaced § 1983's general cause of action with a more specific remedy." *Id.* (quoting *Rancho Palos Verdes v. Abrams*, 544 U.S. 113, 120 (2005)).

To illustrate what rights-creating language actually looks like, the Supreme Court highlighted the Federal Nursing Home Reform Act (FNHRA), which provides "an example almost perfectly on point." *Id.* at *11. The multiple substantive references in the FNHRA to "general *rights*", "specific *rights*," the "*rights of each resident*," and the resident's "*right* to choose a personal

2

attending physician" constituted "clear and unambiguous 'rights-creating language'" not found in the Medicaid provisions at issue in *Medina*. *Id.* (emphasis original). And no similar provisions are found in Section 2.

The robust and unambiguous language of FNHRA, with its focus on the individual, stands in stark contrast to the glancing reference in Section 2 to the preexisting right to vote. Instead, Section 2 is a prohibition on government conduct in the way States and political subdivisions carry out certain standards, practices, or procedures in the administration of elections. 52 U.S.C. § 10301(a). While Section 2 acknowledges the right to vote, it does not *create* the right to vote, nor does the inclusion of the terms "Voting Rights" as a title *confer* any rights on any individuals. As the Court in *Medina* noted, "'[i]t has long been established that the title of an Act cannot enlarge or confer powers' by itself." 2025 WL 1758505 at *13 (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 451 U.S. 1, 19 n.14 (1981)).

Further, even if the VRA was the "rare statute that satisfies" the stringent rights-creating standard, "Congress has displaced § 1983's general cause of action with a specific remedy." *Id.* at *6 (quoting *Rancho Palos Verdes v. Abrams*, 544 U.S. 113, 120 (2005)). The VRA designates a specific enforcement mechanism through the Attorney General. 52 U.S.C. § 10308(d). So even if the VRA conferred rights, it is not enforceable through § 1983 based on the Attorney General's specific remedy. All of these reasons underscore why

3

Plaintiffs cannot rely on § 1983 to solve the lack of a private right of action under the VRA.

Plaintiffs try to avoid all of this by picking out four distinct pieces of *Medina* while ignoring the context and its holding. *See* [Doc. 37]. None of them are availing.

First, Plaintiffs' attempt to equate the Supreme Court's example of the clear rights-creating language contained in the FNHRA to the *mention* of a right in Section 2 of the VRA, but this effort falls short. [Doc. 37 at 2–3]. Section 2 refers to the right to vote twice: once in its title and once when prohibiting the *government* from engaging in certain conduct in elections. 52 U.S.C. § 10301(a). This language merely acknowledges an existing right—it does not confer one. And, as discussed previously, the title of an act cannot confer a right. 2025 WL 1758505 at *6.

Second, Plaintiffs try to cabin the holding of *Medina* to only spending-power statutes. [Doc. 37 at 3]. But that is exactly backwards. It is not that the stringent test for finding rights-creating language in a statute *only* applies to spending-power statutes. Rather, in *Medina*, the Supreme Court simply reiterated that the test *extends* to spending-power statutes: "Though it is rare enough for *any* statute to confer an enforceable right, spending-power statutes like Medicaid are especially unlikely to do so." 2025 WL 1758505 at *7 (emphasis added). And this extension was not without objection. *See, e.g., id.*

4

at *15 (Thomas, J., concurring) ("In appropriate cases, we should reassess § 1983's bounds, including its application in the spending context and our understanding of the 'rights' enforceable under § 1983."). But however that internal debate ultimately pans out, *Medina* does not *expand* access to § 1983 in contexts outside spending-power legislation.

The Court's inability to read in rights-conferring language stems not just from the specific constitutional source from which Congress derives authority to legislate, but also from the fact that "§ 1983 actions to enforce federal statutes present a question sounding in the separation of powers, given that it is for Congress, not the courts, to confer 'rights upon a class of beneficiaries' sufficient to support a cause of action." *Id.* at *9 n.5. Thus, in whatever context a plaintiff brings a § 1983 claim, only "'atypical' statutes confer enforceable rights under § 1983." *Id.* at *13.

Third (and similarly), Plaintiffs take a footnote in Justice Thomas' concurrence out of context. [Doc. 37 at 3–4]. In that footnote, Justice Thomas questions the Court's § 1983 jurisprudence more broadly as part of explaining his view that extending § 1983 to "the spending-power context" is wrong. 2025 WL 1758505 at *17. He further urges that "reexamination may be warranted as to whether § 1983 even supplies a freestanding cause of action." *Id.* at n.3. Contrary to Plaintiffs' characterization, the footnote is not Justice Thomas

agreeing that § 1983 applies to the VRA or all Reconstruction Amendment legislation.

Finally, Plaintiffs broadly sweep aside the Eighth Circuit's decision in *Turtle Mountain Band of Chippewa Indians v. Howe*, 137 F.4th 710 (8th Cir. 2025), as "inconsistent with *Medina*" and pending rehearing *en banc*. [Doc. 37 at 4]. Not only is that view incorrect for all the reasons outlined above, but the Eighth Circuit denied the petitions for rehearing *en banc* on July 3, 2025. *See* Order, attached as Ex. A.

For these reasons and those set forth in Defendants' motion to dismiss, this Court should grant Defendants' motion and dismiss this case.

Respectfully submitted this 8th day of July, 2025.

*/s/Bryan P. Tyson*
Bryan P. Tyson
Georgia Bar No. 515411
btyson@clarkhill.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@clarkhill.com
Diane Festin LaRoss
Georgia Bar No. 430830
dlaross@clarkhill.com
**Clark Hill PLC**
3630 Peachtree Road
NE Suite 550
Atlanta, Georgia 30326
678.370.4377 (phone)

*Counsel for Defendants*