IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **Courtney L. Driver**, et al., | Case No. 5:25-cv-00025-MTT |
| Plaintiffs, | |
| vs. | **Plaintiffs' Second Notice of Supplemental Authority** |
| **Houston County Board of Elections**, et al.**,** | |
| Defendants. | |

Plaintiffs Courtney Driver and Mike Jones respectfully submit this second notice of supplemental authority to bring to the Court's attention the Supreme Court's recent order staying the Eighth Circuit's mandate in *Turtle Mountain Band of Chippewa Indians v. Howe*, 137 F.4th 710 (8th Cir. 2025). *See Turtle Mountain Band v. Howe*, No. 25A62 (July 24, 2025). A copy of that order is attached.

The Eighth Circuit's ruling in *Turtle Mountain* was the primary authority on which the defendants relied in support of their argument that the Section 2 is unenforceable by private plaintiffs. (ECF 34 at 1-4; ECF 36 at 9-10.) That ruling has now been stayed indefinitely.

While an order staying the issuance of the mandate is not a ruling on the merits, it is a clear indication that the Supreme Court may reverse. "To obtain a stay pending the filing and disposition of a petition for a writ of certiorari, an applicant must show (1) a reasonable probability that four Justices will consider the issue sufficiently meritorious to grant certiorari; (2) a fair prospect that a majority of the Court will vote to reverse the judgment below; and (3) a likelihood that irreparable harm will result from the denial of a stay." *Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010) (per curiam). In other words, in granting the stay, a majority of the Supreme Court had to determine that there is *at least* a fair prospect that a majority of the Court will vote to reverse the Eighth Circuit.

The Supreme Court's order is also noteworthy because there were only three dissents from the stay: Justice Alito, Justice Gorsuch, and Justice Thomas. This indicates that a six-Justice supermajority found the requisite stay standards, including a fair prospect of reversal, to be satisfied.

Of course, this Court need not (and should not) await further direction from the Supreme Court. On the contrary, the stay order

2

indicates that the Eighth Circuit's outlier decision is likely to be reversed. And the great weight of Eleventh Circuit authority—already discussed in the parties' briefs—holds that private plaintiffs can enforce Section 2. Accordingly, the defendants' motion to dismiss should be denied so that the plaintiffs may proceed with discovery on their claims.

Respectfully submitted this 25th day of July, 2025.

**/s/ *Bryan L. Sells***
Georgia Bar No. 635562
The Law Office of Bryan L. Sells, LLC
Post Office Box 5493
Atlanta, Georgia 31107-0493
(404) 480-4212 (voice/fax)
bryan@bryansellslaw.com

Lynsey Barron
Georgia Bar No. 661005
Barron Law LLC
1800 Peachtree St. NE, Suite 300
Atlanta, Georgia 30309
404-276-3261
lynsey@barron.law

Arielle Anderson (*Admitted Pro Hac Vice*)
arielle.anderson@hoganlovells.com
HOGAN LOVELLS US LLP
609 Main St., Suite 4200
Houston, Texas 77002
Tel. (713) 632-1400
Fax (713) 632-1401

David Newmann (*Admitted Pro Hac Vice*)
HOGAN LOVELLS US LLP
1735 Market St., 23rd Floor
Philadelphia, Pennsylvania 19103
Tel. (267) 675-4600
Fax (267) 675-4601
david.newmann@hoganlovells.com

*Attorneys for the Plaintiffs*