IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| COURTNEY DRIVER, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> HOUSTON COUNTY BOARD OF ELECTIONS, *et al.*, <br><br> *Defendants*. | Civil Action No. 5:25-cv-0025-MTT |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' SECOND NOTICE OF SUPPLEMENTAL AUTHORITY**

In their Second Notice of Supplemental Authority [Doc. 39], Plaintiffs claim that the U.S. Supreme Court's July 25, 2025 Order staying the issuance of the Eighth Circuit's mandate in *Turtle Mountain Band of Chippewa Indians, et. al. v. Howe,* U.S. Supreme Ct. Case No. 25A62 [Doc. 39-1], is a "clear indication that the Supreme Court may reverse" and urge the Court to proceed with deciding Defendants' Motion to Dismiss in this case because they believe the Eighth Circuit will be reversed. [Doc. 39 at 2]. Plaintiffs are wrong for at least three reasons.

First, as Plaintiffs admit, the Supreme Court's half-page stay order is not a decision on the merits. *Id*. It is thus not really "authority" of any kind. *See, e.g.*, *Marti v. Iberostar Hoteles y Apartamentos S.L.,* 54 F. 4th 641, 647

1

(11th Cir. 2022) ("[S]tay orders generally leave much to be decided."). To the contrary, the merits of the case Plaintiffs cite as authority are not even before the Supreme Court because no petition for certiorari has yet been filed, much less granted. And Plaintiffs' ideas of what the Supreme Court may or may not decide on the merits of a possible future case is nothing but speculation and should have no bearing on this Court's consideration of Defendants' Motion to Dismiss. The stay order is a preliminary procedural order at best and is no guarantee of reversal. Thus, it is not a merits decision and should not be treated as one here.

Second, the Supreme Court did not issue any reasoning with its decision. [Doc. 39-1]. Why the Supreme Court decided as it did on the application for stay, what standard it applied, or how it evaluated those factors are all unknown and can provide no guidance to this Court. Perhaps there are some orders granting a stay that might illuminate the contours of the Supreme's Court decision in a way that would be helpful to this Court— even if they fall short of having precedential value—but *Turtle Mountain* certainly is not one of them. *Compare Trump v. International Refugee Assistance Project*, 582 U.S. 571 (2017) (containing a 15-page discussion as to why a petition for certiorari and accompanying stay should be granted, which included a 3-page opinion concurring in part) *with* [Doc. 39-1] (occupying less than a single page and containing no analysis related to decision to grant the

2

stay). Indeed, the *Turtle Mountain* stay falls far short of even Supreme Court summary affirmances of three-judge district court rulings. And in those cases, the Supreme Court has been careful to caveat that "no more may be read into our action than was essential to sustain that judgment." *Anderson v. Celebrezze*, 460 U.S. 780, 786 n.5 (1983). If a summary affirmance of a full decision on the merits is not something that carries precedential weight, *see Jacobson v. Fla. Sec'y of State*, 974 F.3d 1236, 1267–68 (11th Cir. 2020), a stay order before filing of a petition for certiorari should have none whatsoever. That is even more true in the context of *Turtle Mountain*, where the plaintiffs claimed that legislators would be ejected from their seats in the legislature if the mandate issued. *See* Emergency Application to Stay at 3–4 n.1, 35, *available at*

https://www.supremecourt.gov/DocketPDF/25/25A62/365202/20250715111945452_Turtle%20Mountain%20v.%20Howe%20Stay%20Application.pdf (last accessed Aug. 1, 2025).[1]

Third, even if the Supreme Court applied the test for stay applications that Plaintiffs cite from *Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010) (per curiam), Plaintiffs again are merely speculating that the grant of the stay

---

[1] Counsel for Plaintiffs in this case is also counsel for the plaintiffs in the Turtle Mountain petition.

means that the Supreme Court will certainly reverse the *Turtle Mountain* decision. And a quick review of recent history drives this point home.

In *Merrill v. Milligan,* for example, the same Justice Kavanaugh who granted the stay in *Turtle Mountain* also granted a stay of a lower court decision involving claims made under the Voting Rights Act. 142 S. Ct. 879 (2022). But there, Justice Kavanaugh was quick to flag that his decision to grant the stay was not a peek at his substantive opinion on the case but rather a path "to decide the merits in an orderly fashion[.]" *Milligan,* 142 S. Ct. at 879 (Kavanaugh, J., concurring in grant of application for stays). And to put a finer point on it, Justice Kavanaugh emphatically stated that "[t]he Court's stay order is *not* a decision the merits." *Id.* (emphasis added). A little over a year later, Justice Kavanaugh largely joined the Court's majority opinion *affirming* the lower court decision he previously *stayed*. *Allen v. Milligan,* 599 U.S. 1 (2023). So the only thing this Court can reasonably conclude from the stay order in *Turtle Mountain*, aside from the fact it was granted, is that at least three Justices disagree with granting the stay.

Similarly, a finding of a "fair prospect" that the majority would reverse the decision (the second prong of the *Hollingsworth* test) is speculative and is not a "clear indication that the Supreme Court" *will* reverse the Eighth Circuit's decision in *Turtle Mountain* as Plaintiffs suggest. The Supreme Court's unreasoned stay order is in a case in which the Court has yet to be

4

presented with a petition for certiorari does not establish binding precedent and has no bearing on this Court's consideration of Defendants' Motion to Dismiss.

For these reasons and those set forth in Defendants' Motion to Dismiss, this Court should grant the motion and dismiss this case.

Respectfully submitted this 4th day of August, 2025.

*/s/Bryan P. Tyson*
Bryan P. Tyson
Georgia Bar No. 515411
btyson@clarkhill.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@clarkhill.com
Diane Festin LaRoss
Georgia Bar No. 430830
dlaross@clarkhill.com
**Clark Hill PLC**
3630 Peachtree Road
NE Suite 550
Atlanta, Georgia 30326
678.370.4377 (phone)

*Counsel for Defendants*