IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| COURTNEY DRIVER, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> HOUSTON COUNTY BOARD OF ELECTIONS, *et al.*, <br><br> *Defendants*. | Civil Action No. 5:25-cv-0025-MTT |

**DEFENDANTS' ANSWER TO
PLAINTIFFS' COMPLAINT IN INTERVENTION**

Defendants Houston County Board of Elections and Pamela Morgan, in her official capacity, answer Plaintiffs' Complaint in Intervention [Doc. 14] as follows:

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

Plaintiffs fail to state a claim upon which relief may be granted.

**Second Affirmative Defense**

Plaintiffs lack standing to bring this action.

**Third Affirmative Defense**

Plaintiffs' claims are barred by sovereign immunity and the Eleventh Amendment to the United States Constitution.

1

**Fourth Affirmative Defense**

Plaintiffs have not been subjected to the deprivation of any right, privilege, or immunity under the Constitution or laws of the United States.

**Fifth Affirmative Defense**

Countywide elections are not a standard, practice, or procedure for purposes of Section 2 of the Voting Rights Act.

**Sixth Affirmative Defense**

Plaintiffs' requested relief is barred by the *Purcell* principle.

**Seventh Affirmative Defense**

Plaintiffs' claims are barred because there is no private right of action under Section 2 of the VRA.

**Eighth Affirmative Defense**

Plaintiffs fail to state a claim for relief under 42 U.S.C. §§ 1983 and 1988 because Section 2 of the VRA is not enforceable through § 1983.

**Ninth Affirmative Defense**

Defendants reserve the right to amend their defenses and to add additional ones, including lack of subject matter jurisdiction based on mootness or ripeness, as further information becomes available in discovery.

## RESPONSES

Defendants respond to the separately numbered paragraphs and prayer for relief contained in the Complaint in Intervention below. To the extent that any allegation is not admitted herein, it is denied.

Defendants answer as follows:

1. The allegations in Paragraph 1 are legal conclusions to which no response is required and Defendants therefore deny them.

2. Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations about Plaintiffs contained in Paragraph 2 and, therefore, deny the same. The remaining allegations are legal conclusions to which no response is required and Defendants therefore deny them.

3. The allegations in Paragraph 3 are legal conclusions to which no response is required and Defendants therefore deny them.

4. Defendants admit that, to the extent this Court has jurisdiction over Plaintiffs' claims, venue is proper in this Court.

5. Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 5 and, therefore, deny the same.

6. Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 6 and, therefore, deny the same.

7. Defendants admit the allegations contained in Paragraph 7.

8. Defendants admit the allegations contained in Paragraph 8 and further state that these defendants have already been dismissed. *See* [Doc. 23].

9. Defendants admit the allegations contained in Paragraph 9.

10. Defendants deny that Pamela Morgan is currently the chair of the Houston County Board of Elections because Andrew Bennett took over that role. Under Rule 25(d), Mr. Bennett automatically replaces Ms. Morgan because she is sued in her official capacity.

11. Defendants admit the allegations contained in Paragraph 11.

12. Defendants admit the allegations contained in Paragraph 12.

13. Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 13 and, therefore, deny the same.

14. Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 14 and, therefore, deny the same.

15. Defendants deny the allegations contained in Paragraph 15.

16. Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 16 and, therefore, deny the same.

17. Defendants deny the allegations contained in Paragraph 17.

18. Defendants deny the allegations contained in Paragraph 18.

19. Defendants deny the allegations contained in Paragraph 19.

20. Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 20 and, therefore, deny the same.

21. Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 21 and, therefore, deny the same.

22. Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 22 and, therefore, deny the same.

23. Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 23 and, therefore, deny the same.

24. Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 24 and, therefore, deny the same.

25. Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 25 and, therefore, deny the same.

26. Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 26 and, therefore, deny the same.

27. Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 27 and, therefore, deny the same.

28. Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 28 and, therefore, deny the same.

29. Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 29 and, therefore, deny the same.

30. Defendants admit that, prior to 1990, the State of Georgia had a history of voting discrimination against Black voters. Defendants deny the remaining allegations contained in Paragraph 30.

31. Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 31 and, therefore, deny the same

32. Defendants deny the allegations contained in Paragraph 32.

33. Defendants deny the allegations contained in Paragraph 33.

34. Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 34 and, therefore, deny the same.

35. Defendants deny the allegations contained in Paragraph 35.

36. Defendants deny the allegations contained in Paragraph 36.

37. Defendants deny the allegations contained in Paragraph 37.

Defendants deny that Plaintiffs are entitled to any relief they seek as set forth on page 9. Defendants further deny every allegation not specifically admitted in this Answer.

Respectfully submitted this 16th day of September, 2025.

*/s/Bryan P. Tyson*
Bryan P. Tyson
Georgia Bar No. 515411
btyson@clarkhill.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@clarkhill.com
Diane Festin LaRoss
Georgia Bar No. 430830
dlaross@clarkhill.com
**Clark Hill PLC**

3630 Peachtree Road
NE Suite 550
Atlanta, Georgia 30326
678.370.4377 (phone)

*Counsel for Defendants*