IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **Courtney L. Driver**, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> **Houston County Board of Elections**, et al.**,** <br><br> Defendants. | Case No. 5:25-cv-00025-MTT <br><br><br> **Scheduling and Discovery Order** |

The parties held a Rule 26(f) conference on September 19, 2025. In accordance with the Court's Rules 16 and 26 Order dated April 16, 2025 (Dkt. 26), the parties to this action conferred and jointly developed this Proposed Scheduling and Discovery Order (the "Proposed Order") containing deadlines and limitations as follows:

I. **Nature of the Case:**

This is an action under Section 2 of the Voting Rights Act of 1965, 52 U.S.C. § 10301, challenging the method of electing members of the Houston County Board of Commissioners. The plaintiffs are Black voters, and they seek declaratory and injunctive relief prohibiting further use of the existing method of election on the

ground that it dilutes Black voting strength in violation of Section 2.

II.  **Counsel of Record:**

The following individually-named attorneys are designated lead counsel for the parties:

> Bryan Sells
> The Law Office of Bryan L. Sells, LLC
> Post Office Box 5493
> Atlanta, Georgia 31107-0493
> (404) 480-4212 (voice/fax)
> bryan@bryansellslaw.com
>
> *Lead Counsel for the Plaintiffs*
>
> Bryan P. Tyson
> Clark Hill PLC
> 3630 Peachtree Road NE
> Suite 550
> Atlanta, Georgia 30326
> (678) 370-4377 (phone)
> (678) 370-4358 (fax)
> btyson@clarkhill.com
>
> *Lead Counsel for the Defendants*

III.  **Complaint and Answer filing dates:**

Complaint was filed: March 5, 2025

Answer was filed: September 16, 2025

IV. **Discovery Deadlines:**

   A. <u>**Time for Discovery**</u>

The time for discovery in this case shall expire on March 25, 2026, that being no more than 180 days after the submission of the Proposed Order to the Court.

If a party believes that more time for discovery is needed, an appropriate motion, accompanied by a proposed order for the Court, may be filed setting forth good cause for an extension.

   B. <u>**Scope of Discovery**</u>

The parties anticipate discovery on the following subjects:

1. Election data
2. Voter registration data
3. Demographic data
4. The *Gingles* preconditions
5. The Senate factors
6. The defendants' affirmative defenses.

The parties do not anticipate needing additional time for discovery. The parties also do not anticipate needing to conduct discovery in phases or to limit discovery to particular subjects.

   C. <u>**Electronically Stored Information**</u>

The parties do not anticipate any issues about the disclosure, discovery, or preservation of electronically stored

information. The parties will meet and confer as necessary on the form of production.

D. **Privilege Claims**

The parties do not anticipate any issues about claims of privilege or protection.

E. **Witnesses to be Deposed**

The parties anticipate deposing each expert witness identified by the opposing party. The parties also anticipating deposing each plaintiff, who can be contacted through the plaintiffs' counsel. The parties also anticipate deposing defendant Andrew Bennett and each member of the Houston County Board of Commissioners, who can be contacted through the defendants' counsel. The parties also anticipate deposing other countywide elected officials. The parties also reserve the right to depose any other witness identified during the course of discovery.

F. **Expert Witnesses**

The Plaintiff must disclose expert witnesses and provide appropriate expert reports on or before December 24, 2025, that being no more than 90 days after the submission of the Proposed Order to the Court.

The Defendant must disclose expert witnesses and provide appropriate expert reports on or before January 23, 2026, that being no more than 120 days after the submission of the Proposed Order to the Court.

        The Plaintiff must disclose any expert rebuttal reports on or before February 6, 2025.

        Expert reports shall comply with Federal Rule of Civil Procedure 26(a)(2)(B). Expert reports may not be supplemented without the consent of all parties or leave of Court.

### G. Discovery Limitations or Need for Protective Order

        The parties agree that requests for admission that are propounded solely to authenticate documents as provided for under Federal Rule of Civil Procedure 36(a)(1)(B) are excluded from Local Rule 36's limitation on the number of requests to admit that can be propounded.

### H. Discovery Disputes

        Before moving for an order relating to discovery, including motions to compel or contested motions for protective orders, the movant must contact Kim A. Tavalero, Courtroom Deputy (478-752-0717) to request a telephone conference with the Court.

## V. Time for Filing Motions:

### A. Motions to Amend the Pleadings or to Join Parties

        All motions seeking to amend the pleadings or to join parties must be filed no later than December 1, 2025, that being no more than 60 days after the entry of this Scheduling and Discovery Order.

    **B.**    <u>**Dispositive Motions**</u>

All dispositive motions must be filed no later than April 24, 2026, that being no more than 30 days after the expiration of discovery in this case.

    **C.**    <u>***Daubert* Motions**</u>

All Daubert motions must be filed no later than April 24, 2026, that being no more than 30 days after the expiration of discovery in this case.

**VI.**    **Certification of the Parties and Counsel:**

The Parties, by the signature of counsel below, certify they have conferred and discussed the nature and basis of their claims and defenses and the possibilities for prompt settlement or resolution of the case, pursuant to Local Rule 26(a).

Counsel further certify they have read the Court's Rules 16 and 26 Order. All counsel of record shall digitally sign below.

This 26th day of September, 2025.

**/s/ *Bryan L. Sells***
Georgia Bar No. 635562
The Law Office of Bryan L. Sells, LLC
Post Office Box 5493
Atlanta, Georgia 31107-0493
(404) 480-4212 (voice/fax)
bryan@bryansellslaw.com


Lynsey Barron
BarronWard LLC
1800 Peachtree St. NE, Suite 300
Atlanta, Georgia 30309
404-276-3261
lynsey@barronward.com


Arielle Anderson (*Admitted Pro Hac Vice*)
HOGAN LOVELLS US LLP
609 Main St., Suite 4200
Houston, Texas 77002
Tel. (713) 632-1400
Fax (713) 632-1401
arielle.anderson@hoganlovells.com


David Newmann (*Admitted Pro Hac Vice*)
HOGAN LOVELLS US LLP
1735 Market St., 23rd Floor
Philadelphia, Pennsylvania 19103
Tel. (267) 675-4600
Fax (267) 675-4601
david.newmann@hoganlovells.com

*Counsel for the Plaintiffs*

*/s/ Bryan P. Tyson*
Bryan P. Tyson
Georgia Bar No. 515411
btyson@clarkhill.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@clarkhill.com
Diane F. LaRoss
Georgia Bar No. 430830
dlaross@clarkhill.com
Clark Hill PLC
3630 Peachtree Road NE
Suite 550
Atlanta, Georgia 30326
678.370.4377 (phone)

*Counsel for the Defendants*

The Court, having reviewed the information contained in the Proposed Scheduling and Discovery Order completed and filed jointly by the parties to this action, hereby **ADOPTS** the parties' plan and **MAKES IT THE ORDER OF THE COURT**.

**SO ORDERED**, this 26th day of September, 2025.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
