IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **Courtney L. Driver**, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> **Houston County Board of Elections**, et al.**,** <br><br> Defendants. | Case No. 5:25-cv-00025-MTT <br><br> **Plaintiffs' Brief in Opposition to Motion to Consolidate** |

Plaintiffs Courtney Driver and Mike Jones (the "Driver Plaintiffs") respectfully oppose the Motion to Consolidate filed by Plaintiffs Jacqueline Rozier and Hiram Morgan (the "Rozier Plaintiffs") in the newly filed action styled *Rozier v. Houston County Board of Elections*, Case No. 5:25-cv-00478 (M.D. Ga. 2025). The Driver Plaintiffs oppose consolidation for a number of reasons, including the resulting multiplication of parties, counsel and fact and expert witnesses and it would inevitably delay and complicate the resolution of litigation that to date has proceeded in streamlined fashion. The delays and complication resulting from consolidation would prejudice the Driver Plaintiffs by all but

guaranteeing that this action could not be resolved in time to impact the November 2026 general election, which would increase the expense and time required by the Driver Plaintiffs' counsel in litigating the matter.

The Rozier Plaintiffs request intervention, but in this type of case—where the plaintiffs in both actions are literally seeking the identical relief against the defendants for the same reasons—the more appropriate procedure is a motion for intervention under Rule 24. Consolidation is designed for discrete claims that share "a common question of law or fact" because consolidated cases remain distinct, necessitating "separate verdicts and judgments" even after consolidation. *Hall v. Hall*, 584 U.S. 59, 65, 76 (2018). Thus, the 11th Circuit in *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985), affirmed consolidation of numerous discrete asbestos claims. But a procedure necessitating entry of separate judgments (and thus resulting in separate appeals) makes little sense in the context of a Voting Rights Act Section 2 challenge to a single at large voting district.

The Rozier Plaintiffs presumably did not pursue the more appropriate procedure, Rule 24 intervention, because they could not satisfy its basic requirement that the putative intervenor "must show that

… his application to intervene is timely." *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989). The United States filed this action and the Driver Plaintiffs moved to intervene about 10 months ago, a motion the Court granted eight months ago. *See* Dkt. Nos. 1, 7, 13. During that period, the case garnered widespread media attention.[1] The Rozier Plaintiffs do not offer, and perhaps do not have, any explanation for their months-long delay in seeking to involve themselves in this action.

The problems that consolidation (or intervention) would cause at this late date are evident. As the Rozier Plaintiffs recognize, Defendants could seek dismissal of their complaint and could seek discovery that would make compliance with the existing discovery schedule in this case impracticable. Another risk is that whatever additional discovery the Rozier Plaintiffs seek from Defendants could make it more difficult for

---

[1] . *See, e.g.,* https://thecurrentga.org/2025/01/18/lawsuit-charges-georgia-county-with-violating-voting-rights-act/; https://www.13wmaz.com/article/news/local/warner-robins/lawsuit-houston-county-large-voting-system-commissioners-county-dropped/93-94b326f9-3f4f-4cf4-90d9-91428780202c; https://wgxa.tv/news/local/black-voices-silenced-the-fight-for-representation-in-houston-countys-voting-debate.

3

Defendants to respond to the Driver Plaintiffs' discovery by the current deadlines.

Multiplying the number of parties, counsel and fact and expert witnesses also would seriously jeopardize the current case schedule and make the case far more difficult to litigate for the Driver Plaintiffs' counsel. As in any VRA Section 2 case, expert witnesses will be critical. *See, e.g., Georgia State Conf. of the NAACP v. Fayette Cnty. Bd. of Comm'rs*, 118 F. Supp. 3d 1338, 1343–46 (N.D. Ga. 2015)*; Singleton v. Allen*, 782 F. Supp. 3d 1092, 1259–62 (N.D. Ala. 2025). The Driver Plaintiffs anticipate utilizing multiple experts, and presumably the Rozier Plaintiffs will, too. For the Driver Plaintiffs' counsel, this would require not only handling reports by and depositions of their own experts, but also coordinating with the Rozier Plaintiffs and their experts to ensure consistency. This would dramatically increase the amount of time and expense related to experts.

The Rozier Plaintiffs are committed to minimize delays, but any delays caused by consolidation would almost certainly undermine the Driver Plaintiffs' months-long effort to move this case forward so that it could potentially be decided in time for the November 2026 general

4

election. That goal is potentially achievable under the existing case schedule, but not if there is any meaningful slippage in the existing deadlines.

By contrast, there is no prejudice to the Rozier Plaintiffs in allowing their case to proceed on its own schedule. Their complaint does not reveal any issues or theories that differ from those raised in the Driver Plaintiffs' complaint. To the extent the Court decides the Driver Plaintiffs' case first, the Rozier Plaintiffs, like all Houston County voters, will of course have the benefit of that decision, possibly in time for the November 2026 election. Keeping the cases separate will not in any way increase the Rozier Plaintiffs litigation costs but, instead, will avoid the increased costs and complexity resulting from consolidation.

For all the foregoing reasons, and others set forth in Defendants' opposition to the Rozier Plaintiffs' motion, the Driver Plaintiffs respectfully request that the Motion to Consolidate be denied.

Respectfully submitted this 19th day of November, 2025.

**/s/ *Bryan L. Sells***
Georgia Bar No. 635562
The Law Office of Bryan L. Sells, LLC
Post Office Box 5493

\\4154-7783-4594 v1

Atlanta, Georgia 31107-0493
(404) 480-4212 (voice/fax)
bryan@bryansellslaw.com

Lynsey Barron
Georgia Bar No. 661005
Barron Ward LLC
1800 Peachtree St. NE, Suite 300
Atlanta, Georgia 30309
404-276-3261
lynsey@barron.law

Arielle Anderson (*Admitted Pro Hac Vice*)
arielle.anderson@hoganlovells.com
HOGAN LOVELLS US LLP
609 Main St., Suite 4200
Houston, Texas 77002
Tel. (713) 632-1400
Fax (713) 632-1401

David Newmann (*Admitted Pro Hac Vice*)
HOGAN LOVELLS US LLP
1735 Market St., 23rd Floor
Philadelphia, Pennsylvania 19103
Tel. (267) 675-4600
Fax (267) 675-4601
david.newmann@hoganlovells.com

*Attorneys for the Plaintiffs*