## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | |
|---|---|
| **Courtney L. Driver**, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>**Houston County Board of Elections**, et al.,<br><br>Defendants. | **Case No. 5:25-cv-00025-MTT**<br><br>**Hon. Marc T. Treadwell** |

## <u>STIPULATED PROTECTIVE ORDER</u>

The terms of the Stipulated Protective Order, as modified by the Court below, are incorporated as the Order of this Court. To the extent the Stipulated Order conflicts with the Scheduling Order, the Court's Scheduling Order controls, and the parties shall comply with its directive for discovery disputes.

THE COURT ALERTS THE PARTIES THAT IT HAS ADDED A FINAL ADDENDUM TO THIS PROTECTIVE ORDER THAT WAS NOT INCLUDED IN THE STIPULATED ORDER SUBMITTED TO THE COURT.

IT IS HEREBY STIPULATED that:

In order to facilitate the release of certain information by the parties to this Stipulated Protective Order ("the Order"), the parties in the above- captioned cases (the "Parties") have agreed to the terms of this Order; accordingly, it is ORDERED:

**1. Parties Bound by this Stipulation and Confidentiality Agreement.**
This Order shall be binding upon all Parties, all Parties' counsel and their law firms, and their employees, officers, directors, and agents, testifying and non-testifying experts ("consultants"), and their staff, and persons made subject to this agreement by its terms.

2. **Scope and Third Parties.** As used in this Order, the term "document" shall mean all documents, electronically stored information, and tangible things within the scope of Fed. R. Civ. P. 26(a)(1)(A)(ii) and 34(a)(1). A draft or non-identical copy is a separate document within the meaning of this term. All documents produced in the course of discovery or in response to requests made by Plaintiffs ("documents") shall be subject to this Order as set forth below. Any Party and all third parties who have received subpoenas (collectively for purposes of this Order, "Designating Parties") may designate materials as "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" under this Order if they make a good faith determination that there is good cause to designate such materials under the terms of this Order and pursuant to Fed. R. Civ. P. 26(c). The Designating Party bears the burden of demonstrating that a designation is appropriate, if challenged.

This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure.

**3. "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" Material:** Unless such information has previously been deemed a public record by a federal or state court located in Georgia, or has previously been publicly released by a government agency (state or local), the following information, whether produced by a Party or third-party, shall be deemed "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" material for the purposes of this Order; however, the fact that such information is listed in this Order shall not be construed as a waiver of a Party's objections to the production or disclosure of said information or as an agreement to produce such information absent a further order of this Court:

    **a. Particular Individual Information:**

        i. Information which would violate an individual's First Amendment right to freedom of association, including, but not limited to, information identifying an individual's status as a member of any membership organization and/or an individual's participation in a membership organization's non-public activities.

        ii. Information that would compromise the secrecy of a voter's ballot if publicly disclosed;

iii.  Other information that is protected from disclosure under federal or Georgia law that could reveal the identity of a specific individual.

b.  The Designating Party bears the burden of demonstrating that a designation is appropriate, if challenged.

4.  **Designation of "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" Material and Application of "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" Provisions.** The designation of material in the form of documents, discovery responses, or other tangible materials other than depositions or other pre-trial testimony shall be made by the Designating Party by affixing the legend "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" on each page containing information to which the designation applies. The designation of deposition testimony shall be in accordance with paragraph 7 below. All material designated "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" that is not reduced to documentary, tangible, or physical form or that cannot be conveniently designated in the manner set forth above shall be designated by the Designating Party by informing the Receiving Party of the designation in writing. All documents designated "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" by any Party shall be governed by this section.

a.  **Basic Principles**. A Receiving Party may use "HIGHLY

CONFIDENTIAL-ATTORNEYS' EYES ONLY" material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" material may be disclosed only to the categories of persons and under the conditions described in this Order. "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

b. **Disclosure of "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" Information or Items.** Unless otherwise ordered by the Court or permitted in writing by the Designating Party, any material designated "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" may only be disclosed to:

     i. counsel of record in this action, as well as employees and agents of counsel to whom it is reasonably necessary to disclose the information for this litigation;

    ii. experts and consultants, and their staff, to whom disclosure is reasonably necessary for this litigation and who have signed the

"Acknowledgment and Agreement to Be Bound" (Exhibit A);

iii. the Court, court personnel, and court reporters and their staff;

iv. copy or imaging services retained by counsel to assist in the duplication of "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" material, after execution of the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

v. language translation vendors retained by counsel to assist in the translation of "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" material, after execution of the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

vi. during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court;

vii. the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

viii. E-discovery vendors, only after execution of the "Acknowledgement and Agreement to Be Bound" (Exhibit A).

c. **Filing "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" Material.**

Before filing "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" material or discussing or referencing such material in court filings, the filing Party shall confer with the Designating Party to determine whether the Designating Party will remove the "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" designation, whether the document can be redacted, or whether a motion to seal is warranted. If the Parties cannot agree on the handling of "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" material in court filings, then the Party seeking to file such material must either move to file the material under seal or for a court order permitting filing on the public record.

5. **Designation of Deposition Testimony.** In order to designate deposition testimony as "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," the Designating Party shall give prompt notice that it will seek the protections of this Order either at the deposition or within twenty-one (21) days after receipt of the final deposition transcript, in accordance with the provisions and restrictions of this Order.

6. **Use of Documents Containing Redacted CONFIDENTIAL Information**.

The Parties and their counsel and experts agree to redact "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" information from documents before: (a) using such documents at trial, any hearing, or any court proceeding; (b) attaching such documents to any publicly-filed pleading or filing; or (c) using such documents in any other way where the documents could be seen by the public or by anyone not bound by this Order.

7. **Other Redactions.** Nothing in this Order precludes the Parties from making redactions for privilege or for other legal reasons before documents are produced.

8. **Inadvertent Disclosure**.

    a. "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY." A Party that has inadvertently produce "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information without so designating it may at any time re-designate such information as "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY." The inadvertent or unintentional disclosure of "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" information shall not be deemed a waiver, in whole or in part, of any Party's claims of confidentiality. If a Party inadvertently or unintentionally produces "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" Information without designating it as such in accordance with the provisions of

this Order, that Party shall promptly upon discovery, either: (a) demand the return or destruction of the "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" Information; or (b) furnish a properly marked substitute copy, along with written notice to all Parties that such document or information is deemed "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" and should be treated as such in accordance with the provisions of this Order. Each Receiving Party must treat such document or information as "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" from the date such notice is received, but each Receiving Party shall have no liability for any disclosures of such information that were made prior to re-designation. If prior to receiving such notice, the Receiving Party had disclosed the inadvertently undesignated material to persons or entities not authorized to receive it under this Order, the Receiving Party must report such disclosure to the Designating Party and make reasonable efforts to retrieve it, and the Receiving Party must make reasonable efforts thereafter to assure that the material is treated in accordance with the provisions of this Order.

b. **Information subject to a claim of privilege or protection as trial-preparation material.** In the event that information subject to a claim

of privilege or protection as trial-preparation material is produced in the course of this litigation, the production does not operate as a waiver if (1) the disclosure was inadvertent; (2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and (3) the holder of the privilege or protection took reasonable steps to rectify the error, including following Federal Rule of Civil Procedure 26(b)(5)(B).

9. **Challenge of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" Designations.** Any Party who wishes to challenge the propriety of the designation of Information as "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" may do so by providing written notice to the Designating Party at any time up to ten (10) days before the pretrial conference or ten (10) days before trial, whichever is earlier. The notice shall (a) attach a copy of each document subject to challenge, or identify each such document by production number or other appropriate designation, and (b) set forth the reason for such objection. The objecting Party and the Designating Party shall attempt in good faith to resolve any challenge on an informal basis. If an agreement cannot be reached, the objecting Party may seek a decision from the Court with respect to the propriety of the designation. The subject material will continue to be protected under this Protective Order until the Court orders otherwise.

10. **No Waiver.** The inadvertent failure to assert a claim of attorney- client or other privilege or protection under the work product doctrine shall not constitute a waiver of the right to claim a privilege or protection. Any Party may challenge any such claim of privilege or protection on any ground.

11. **Order Remains in Effect.** This Order shall remain in effect throughout the course of this litigation and during any appeals. Following the termination of this litigation, the Order shall remain in effect for "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY" information derived from properly designated documents, and the Court shall retain jurisdiction to enforce this provision.

12. **Destruction of Un-Redacted Documents Containing CONFIDENTIAL Information.** This Paragraph applies to documents that contain un-redacted "HIGHLY CONFIDENTIAL- ATTORNEYS EYES ONLY" information. Except as otherwise prohibited by federal law (including the Federal Records Act, 44 U.S.C. § 3301 et seq.) or the law of Georgia, within ninety days after final disposition of this case not subject to further appeal, the Parties and their counsel and experts, and all other persons having possession, custody, or control of such documents, shall either: (a) return all such documents and any copies thereof to the individual or entity that produced the documents; or (b) destroy hard copies of such documents and all copies thereof with a shredder and make reasonable efforts to delete all electronic copies of such documents from all systems and databases.

Notwithstanding the above requirement, the Parties are entitled to retain (a) one copy of pleadings, expert reports, exhibits, or other documents made part of the court record containing un-redacted "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" information and (b) un-redacted "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" information that is incorporated in attorney work product so long as the Parties restrict access to such information to those persons who are permitted access under the Order.

13. **Action by the Court.** Nothing in this Order or any action or agreement of a Party under this Order limits the Court's power to make any Orders that may be appropriate with respect to the use and disclosure of any documents produced or used in discovery or at trial, including the ability to order removal of a "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY" designation.

14. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of any Party or any other person with standing concerning the subject matter.

15. **No Prior Judicial Determination**. This Order is entered based on the presentations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY"  documents or information are subject to protection under Rule 26(c) of

the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

16. **Persons Bound and Retroactivity.** This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the Parties and their employees, officers, directors, and agents, testifying experts and consultants, and their staff, and persons made subject to this Order by its terms. This Order shall apply to all documents in this litigation, including any "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" information, appropriately marked as such, that was produced prior to the Order being signed.

ADDED BY THE COURT: The Court finds that good cause exists for the entry of this order with the following condition.  Notwithstanding anything to the contrary in the foregoing order, the Court finds that it shall not apply to exclude evidence from public disclosure when that evidence is relied upon in support of or opposition to any motion or relevant in any hearing or trial.

If a party seeks to rely upon any evidence covered by this protective order in support of or in opposition to any motion or during any hearing or trial, that party shall notify the opposing party at least 14 days prior to filing the motion and/or 14 days prior to the hearing or trial.  The party opposing public disclosure shall have 7 days to file a motion to require the materials to be filed restricted to case participants.  The motion shall: (1) briefly state a compelling reason in support of

the request to file the information restricted to case participants; (2) certify that the party has conferred with opposing counsel; (3) identify the number of documents that the party anticipates will need to be filed restricted to case participants; and (4) describe the information that will be redacted.

The Court will closely scrutinize any such requests at that time, with the presumption that any evidence shall be part of the public record. Accordingly, when materials are to be used in the foregoing manner, a party will not be allowed to file the materials restricted to case participants simply because they are covered by this discovery protective order. If it becomes necessary to reference designated-confidential materials in an order, the Court will reassess whether the materials shall remain confidential.

If the Court grants the motion to file the materials restricted to case participants, the party relying on the evidence covered by this protective order shall do the following:

First, the party will file the redacted documents on the public docket. For example, if a party is relying on protected information in support of a motion for summary judgment, the party will file the memorandum in support of the motion and *all* exhibits *in one docket entry* with redactions where appropriate. It is not appropriate to redact an entire document or file a "placeholder" (i.e., a document

that simply directs a reader to a restricted document).  It is not appropriate to have separate docket entries for motions and exhibits.

Second, the party will file a "copy" or "mirror image" of the entire first filing without redactions as restricted to case participants.  For example, if a party is relying on protected information in support of a motion for summary judgment, the party will re-file the memorandum in support of the motion and re-file *all* exhibits (even exhibits that were not redacted) *in one docket entry* without redactions.  It is not appropriate to have separate docket entries for motions and exhibits. **The exhibit numbers and CM/ECF page numbers of the second filing should match the exhibit numbers and CM/ECF page numbers of the first filing.** The party should identify the redacted information using a red box.  The party must complete this second filing the same day as the first filing.

If the response (and reply) to a motion filed restricted to case participants also refers to protected information, the party will file the response (and reply) as follows:

First, the party will file their response and any exhibits *in one docket entry* and *with redactions* on the public docket.  It is not appropriate to redact an entire document or file a placeholder.  It is not appropriate to have separate docket entries for responses and exhibits.

Second, the party will file their response and any exhibits *in one docket entry* and *without redactions* as restricted to case participants.  It is not appropriate to have separate docket entries for motions and exhibits. **The exhibit numbers and CM/ECF page numbers of the second filing should match the exhibit numbers and CM/ECF page numbers of the first filing.**  The party should identify the redacted information using a red box.  The party must complete this second filing the same day as the first filing.

To file documents restricted to case participants, the party will select "restricted document – pursuant to protective order ONLY" under Other Documents in CM/ECF.   The party will follow all of the prompts, including attaching the requested documents.  The party will link the restricted filing to the public filing.  Before submitting the entry, please review the text box to ensure the name description and document links are correct.  If the party has questions regarding filing these restricted documents, the party will contact Kim Tavalero, Courtroom Deputy, at 478.752.0717 or kim_tavalero@gamd.uscourts.gov.

IT IS SO STIPULATED:


Dated: March 12, 2026          /s/ Bryan P. Tyson
                               Bryan P. Tyson
                               Georgia Bar Number 515411
                               btyson@clarkhill.com
                               Bryan F. Jacoutot
                               Georgia Bar No. 668272

bjacoutot@clarkhill.com
Diane Festin LaRoss
Georgia Bar No. 430830
dlaross@clarkhill.com
**Clark Hill PLC**
3630 Peachtree Road
NE Suite 700
Atlanta, Georgia 30326
678.370.4377 (phone)

*Counsel for Defendants*

Dated:  March 12, 2026                /s/ John H. Fleming
                                      John H. Fleming (GA Bar Number 263250)
                                      John H. Fleming Law LLC
                                      1066 Springdale Road, N.E.
                                      Atlanta, GA 30306
                                      Telephone: 404-285-5084
                                      Email: john@jhflaw.org

                                      Robert N. Weiner*
                                      Julie M. Houk (*Admitted Pro Hac Vice*)
                                      David Rollins-Boyd*
                                      Grace Thomas (*Admitted Pro Hac Vice*)
                                      Samantha Heyward (*Admitted Pro Hac Vice*)

                                      LAWYERS' COMMITTEE FOR CIVIL
                                      RIGHTS UNDER LAW
                                      1500 K Street, Suite 900
                                      Washington, DC 20005
                                      Telephone: (202) 662-8600
                                      rweiner@lawyerscommittee.org
                                      jhouk@lawyerscommittee.org
                                      drollins-boyd@lawyerscommittee.org
                                      gthomas@lawyerscommitte.org
                                      sheyward@lawyerscommittee.org

                                      Stacey M. Mohr
                                      Georgia Bar No. 619207

EVERSHEDS SUTHERLAND (US) LLP
999 Peachtree Street NE
Atlanta, GA 30309
Telephone: (404) 853-8000
stacymohr@eversheds-sutherland.com

Harmony L. Jones*
Maria L. Stratienko*
John Coffron*
EVERSHEDS SUTHERLAND (US) LLP
700 Sixth Street, NW, Suite 700
Washington, DC 20001-3980
Telephone: (202) 383-0100
harmonyjones@eversheds-sutherland.com
mariastratienko@eversheds-sutherland.com
johncoffron@eversheds-sutherland.com

*Application to appear pro hac vice
forthcoming

*Counsel for Plaintiff*
*National Association for the*
*Advancement of Colored People*
*Georgia State Conference*

Bryan L. Sells
Georgia Bar No. 635562
The Law Office of Bryan L. Sells, LLC
Post Office Box 5493
Atlanta, Georgia 31107-0493
(404) 480-4212 (voice/fax)
bryan@bryansellslaw.com

Lynsey Barron
BarronWard LLC
1800 Peachtree St. NE, Suite 300
Atlanta, Georgia 30309
Telephone: 404-276-3261
lynsey@barronward.com

Arielle Anderson (*Admitted Pro Hac Vice*)
HOGAN LOVELLS US LLP
609 Main St., Suite 4200
Houston, Texas 77002
Tel. (713) 632-1400
Fax (713) 632-1401
arielle.anderson@hoganlovells.com

David Newmann (*Admitted Pro Hac Vice*)
HOGAN LOVELLS US LLP
1735 Market St., 23rd Floor
Philadelphia, Pennsylvania 19103
Tel. (267) 675-4600
Fax (267) 675-4601
david.newmann@hoganlovells.com

*Counsel for Plaintiffs Courtney Driver and*
*Michael C. Jones*

**SO ORDERED**, this 16th day of March, 2026

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **Courtney L. Driver**, et al., | |
| Plaintiffs, | |
| vs. | |
| **Houston County Board of Elections**, et al., | **Case No. 5:25-cv-00025-MTT** |
| Defendants. | **Hon. Marc T. Treadwell** |

## EXHIBIT A: ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Stipulated Protective Order in the above-captioned action, which is attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Middle District of Georgia in matters relating to the Stipulated Protective Order.

The undersigned acknowledges that violation of the Stipulated Protective Order may result in penalties for contempt of court or any other penalty otherwise imposed by the United States District Court for the Middle District of Georgia.

Dated:_____

Signature_____

Print Name: _____

Address: _____