**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| COURTNEY L. DRIVER, *et al.*, | |
| *Plaintiffs*, | |
| v. | Civil Action No. 5:25-cv-00025-MTT |
| HOUSTON COUNTY BOARD OF ELECTIONS, *et al.*, | |
| *Defendants*. | |

**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

As anticipated at the December 17, 2025 status conference, the U.S. Supreme Court issued its decision in *Louisiana v. Callais*, Case No. 24-109, on April 29, 2026. That decision is attached as Exhibit A.

The decision bolsters Defendants' Motion for Summary Judgment, Doc. 63, and provides further support as to why this Court should grant it. In *Callais*, the Supreme Court addressed the "tension between § 2 and the Constitution" involving the use of race in redistricting. Ex. A at 7.[1] The Court explained that § 2 is an exercise of Congress's Fifteenth Amendment powers, so the focus in determining liability must be on the "prohibition on *intentional* racial

---

[1] All page references to the Supreme Court's opinion and to docketed entries are to the PDF page number of the document.

discrimination." *Id*. at 29 (emphasis in original). In other words, Section 2 "imposes liability only when the circumstances give rise to a strong inference that intentional discrimination occurred." *Id*.

The Court also "update[d] the framework" of *Thornburg v. Gingles*, 478 U.S. 30 (1986), to align it with the statutory text and with historical developments since the test was first announced, providing further clarity on all three *Gingles* preconditions and the totality-of-the-circumstances test. *Id*. at 32. Under the updated framework for the first *Gingles* precondition, an illustrative plan "cannot use race as a districting criterion." *Id*. at 35. As the Court explained, "an illustrative plan in which race was used has no value in proving a § 2 plaintiff's case." *Id*.

On the second and third *Gingles* preconditions, plaintiffs "must provide an analysis that controls for party affiliation." *Id*. at 36. This is because racial polarization between partisans (for example, Republicans and Democrats) "proves nothing" for the second and third preconditions. *Id*. For the totality of the circumstances, courts must consider data and conditions "that shed light on current intentional discrimination," or in other words, "intentional present-day voting discrimination" is the appropriate specific inquiry before a trial court and not just past history. *Id*. at 37.

Each instance of clarifying language bolsters Defendants' Motion for Summary Judgment. As to the first *Gingles* precondition, Dr. Cervas freely

2

admitted to using race to create his version of District 1 as a majority-Black district. Doc. 63-1 at 16–17. He followed a process that used race as a "districting criterion," Ex. A at 35, because he "turned on racial shading in his mapping program to locate Black individuals, then used that racial information to add Black individuals" to make a district majority-Black, Doc. 63-1 at 9. Dr. Cervas' lack of any consistent non-racial criteria emphasizes this point. Doc. 63-1 at 10.

As a result of the guidance of the Supreme Court on the first *Gingles* precondition, Dr. Cervas' admitted use of race disqualifies his redistricting plans as illustrative plans, whether or not he used race as the predominant factor in drawing the plan. Left without a valid potential remedy they can offer this Court, Plaintiffs have failed to carry their burden on the first *Gingles* precondition and this Court should grant Defendants' motion for summary judgment on that basis alone.

On the second and third *Gingles* preconditions, Dr. Popick only utilized the "separate electorates test," meaning that he only determined whether white and Black voters prefer different candidates in general elections. Doc. 63-1 at 20–21. Further, Dr. Popick's corrected analysis showed uncertainty over whether Black voters were even voting cohesively in Houston County elections. *Id*. at 24–25. And Dr. Popick never considered Democratic primary data, but instead relied solely on

3

general elections.[2] Doc. 63-6 at 15–18. His report is also bereft of any party affiliation analysis. *Id*. As a result, Plaintiffs have not provided "an analysis that controls for party affiliation" for the second and third *Gingles* preconditions. Ex. A at 36. Without this proof, Plaintiffs cannot carry their burden on these preconditions and *Callais* requires judgment as a matter of law to Defendants.

Based on the evidence before the Court, Plaintiffs have not carried their burden of proof on any of the three required *Gingles* preconditions. Failure to establish any one precondition requires judgment for Defendants, *Burton v. City of Belle Glade*, 178 F.3d 1175, 1199 (11th Cir. 1999), and here Plaintiffs have failed to establish any of the three preconditions.

Further, while not at issue in the motion for summary judgment because it only addresses the preconditions, the evidence in this case did not adduce any "current intentional discrimination" by Houston County. Ex. A at 37. Even if Plaintiffs could demonstrate the *Gingles* preconditions, the lack of any evidence of current discrimination by Houston County directed at Black voters provides an independent reason to dismiss this case. Defendants reserve the right to seek leave to file an additional motion for summary judgment on this point.

---

[2] The only primary election Dr. Popick analyzed was one Republican primary, but he concluded that the results did not indicate racial polarization. Doc. 67 at 130:9–131:22; Doc. 68 at 16:9–15.

4

The Supreme Court provided significant clarity around the application of *Gingles* in *Callais*. Under the standard that now applies for Section 2 claims, this Court should grant judgment to Defendants and dismiss this case.

Respectfully submitted this 4th day of May, 2026.

*/s/ Bryan P. Tyson*
Bryan P. Tyson
Georgia Bar No. 515411
btyson@tysonyounker.law
David J. Younker*
Georgia Bar No. 940387
dyounker@tysonyounker.law
**Tyson Younker LLC**
1225 Johnson Ferry Road
Suite 600-A
Marietta, GA 30068
678.223.3160 (phone)
* *application for admission pending*

*Counsel for Defendants*