IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **Courtney L. Driver**, et al., | Case No. 5:25-cv-00025-MTT |
| Plaintiffs, | Hon. Marc T. Treadwell |
| vs. | |
| **Houston County Board of Elections**, et al**.**, | **Plaintiffs' Memorandum of Law in Support of Motion for Leave to File a First Amended Complaint** |
| Defendants. | |

The plaintiffs—Courtney Driver, Michael Jones, and the National Association for the Advancement of Colored People Georgia State Conference—respectfully move for leave to file a First Amended Complaint under Federal Rule of Civil Procedure 15(a)(2). A copy of the proposed First Amended Complaint is attached as Exhibit A, and a redline comparing it to the operative Complaint-in-Intervention (ECF 14) is attached as Exhibit B.

This motion is filed within the window that the Court created for exactly this purpose. On June 22, 2026, the Court granted the plaintiffs' motion to amend the scheduling order and extended the deadline to move to amend the complaint to July 6, 2026. ECF 87. The Court simultaneously extended the deadline for additional *Callais*-related fact and expert discovery to September 4, 2026, and suspended the plaintiffs' deadlines to respond to the defendants' pending summary judgment and *Daubert* motions. *Id.* The plaintiffs now seek

leave to do what the Court authorized: amend the complaint in response to the Supreme Court's intervening decision in *Louisiana v. Callais*, 146 S. Ct. 1131 (2026).

Rule 15(a)(2) provides that leave to amend "should [be] freely give[n] leave when justice so requires." The proposed amendment adds a Fourteenth and Fifteenth Amendment intentional-discrimination claim under 42 U.S.C. § 1983 and strengthens the factual allegations supporting the existing Section 2 claim—including maintenance-theory legislative-history allegations, race-neutral illustrative-plan allegations, and *Callais*-responsive racially polarized voting allegations. The amendment is timely, non-prejudicial, and non-futile, and leave should be granted.

### Background

This is a Section 2 Voting Rights Act challenge to Houston County, Georgia's at-large method of electing its five-member Board of Commissioners. The plaintiffs allege that the at-large system dilutes the voting strength of Black residents, who constitute a sufficiently large and geographically compact minority to elect a candidate of their choice in a single-member-district plan but cannot do so under the existing system because of racially polarized voting.

On April 29, 2026, the Supreme Court decided *Callais*, which reformulated the three *Gingles* preconditions which have long governed vote-dilution cases under Section 2 of the Voting Rights Act. The plaintiffs promptly

2

moved to amend the scheduling order to accommodate amendments responsive to *Callais*. The Court granted that motion on June 22, 2026 (ECF 87), setting a July 6, 2026, deadline to move to amend the complaint and a September 4, 2026, deadline for additional discovery. This motion is timely filed within that window.

### The Proposed Amendment

The proposed First Amended Complaint makes four principal changes to the operative complaint.

*First*, it adds Count II, a claim of intentional discrimination under the Fourteenth and Fifteenth Amendments, brought through 42 U.S.C. § 1983. Count II applies the maintenance-theory framework of *Rogers v. Lodge*, 458 U.S. 613 (1982), and *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252 (1977), to Houston County's at-large system. This is the type of claim *Callais* itself contemplated: *Rogers* sustained an intent-based vote-dilution challenge to an at-large county commission in Georgia, and *Callais*'s "strong inference of intentional discrimination" standard aligns with the intent evidence already developed in this case. 146 S.Ct. at 1163.

*Second*, it adds detailed legislative-history allegations tracing the adoption and maintenance of the at-large structure through four Georgia General Assembly enactments: the 1922 Act creating the Board of

Commissioners with at-large elections when the county was approximately 66% Black and Black citizens were effectively disenfranchised (1922 Ga. Laws 372); the 1958 Act adding numbered posts and staggered terms (1958 Ga. Laws 2574); the 1970 Act abolishing militia-district residency requirements in the wake of the Voting Rights Act (1970 Ga. Laws 2962); and the 1990 Act converting the chairmanship to a countywide elected post (1990 Ga. Laws 3510). These allegations establish the *Arlington Heights* sequence of historical background, specific sequence of events, and legislative history.

*Third*, it adds race-neutral illustrative-plan allegations. The proposed complaint alleges that race-blind four-district and five-district redistricting plans, drawn without reference to racial data, each produce a majority-Black district from the geographic concentration of Black residents in and around Warner Robins. These allegations respond to *Callais*'s first-precondition framing by demonstrating that the plaintiffs' illustrative plans are not the product of racial predominance.

*Fourth*, it adds *Callais*-responsive racially polarized voting allegations, including allegations that racial polarization in Houston County is not explained by partisanship.

## Legal Standard

Federal Rule of Civil Procedure 15(a)(2) provides that a court "should freely give leave when justice so requires." The Supreme Court has held that

4

this mandate must be "heeded," and that an "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Leave may be denied only for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Id.* The Eleventh Circuit applies a "liberal" standard, requiring a "substantial reason" to deny leave. *Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984); *see Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). None of the *Foman* factors  present here.

### Argument

### I.  The amendment is not unduly delayed and will not prejudice the defendants.

The Court's June 22, 2026, order is dispositive on this point. That order granted the plaintiffs' motion to amend the scheduling order, expressly extended the deadline to move to amend the complaint to July 6, 2026, and extended discovery to September 4, 2026. ECF 87. This motion is filed within that court-authorized window. The defendants had a full opportunity to oppose the scheduling-order modification and did so; the Court considered their

5

arguments and granted the motion. There is no basis to relitigate delay or prejudice here.

In any event, the amendment responds to an intervening change in controlling law—the Supreme Court's decision in *Callais*, issued on April 29, 2026. An amendment prompted by an intervening legal development is not "unduly" delayed. *See Collins v. Int'l Dairy Queen*, 190 F.R.D. 633, 635–36 (M.D. Ga. 2000) (delay not "undue" where discovery was not complete and no trial date had been set, even in a case nearly six years old). Here, no trial date is set, discovery remains open through September 4, and the plaintiffs' deadlines to respond to the defendants' pending summary judgment and *Daubert* motions are suspended. No defendant faces a disrupted schedule or an imminent deadline.

Nor will the amendment impose unfair surprise. The substance of the proposed amendments—the intentional-discrimination theory, the legislative history, the illustrative plans, the racially polarized voting analyses—is drawn in part from evidence already exchanged in discovery. The defendants' own expert has opined upon the plaintiffs' illustrative plans and related issues. The amended scheduling order contemplates additional discovery through September 4, 2026, providing ample time to address any new issues the amendment raises.

6

## II.    The amendment is not futile.

A proposed amendment is "futile" only if the amended complaint "would still be properly dismissed"—that is, if it would not survive a motion to dismiss under Rule 12(b)(6). *Coventry First, LLC v. McCarty*, 605 F.3d 865, 870 (11th Cir. 2010); *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007). The standard is one of legal sufficiency, not evidentiary proof: "[f]utility means that the amended complaint would fail to state a claim upon which relief could be granted." *Bazemore v. U.S. Bank, N.A.*, 167 F. Supp. 3d 1346, 1355 (N.D. Ga. 2016) (citing *Rudolph v. Arthur Andersen & Co.,* 800 F.2d 1040, 1042 (11th Cir. 1986). "[T]he same standard of legal sufficiency as applied under a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) is used to determine futility." *Bazemore,* 167 F. Supp. 3d at 1355.

Count I states a Section 2 results claim. The amended complaint pleads each of the three *Gingles* preconditions—including geographic compactness demonstrated through race-neutral illustrative plans and racially polarized voting not explained by partisanship—and alleges the totality of circumstances drawn from *White v. Regester*, 412 U.S. 755 (1973), and the Senate Judiciary Committee factors. These allegations plainly state a Section 2 claim.

Count II states an intentional discrimination claim under the Fourteenth and Fifteenth Amendments via 42 U.S.C. § 1983. The amended complaint pleads the *Arlington Heights* factors—historical background, specific

7

sequence of events, departures from normal procedural sequence, legislative history, and discriminatory impact—through detailed allegations about the 1922–90 legislative enactments that created and maintained the at-large system. *Rogers* sustained precisely this type of intent-based vote-dilution claim against a Georgia county's at-large commission, and its framework has not been disturbed by *Callais* or any other decision. 458 U.S. at 627–28. These allegations state a claim.

In opposing the motion to amend the scheduling order, the defendants raised a futility argument but did so without a proposed amended pleading before the Court and based the argument on the assertion that the plaintiffs failed to allege intentional discrimination. ECF 78 at 4. That assertion misread the original Complaint and could not possibly be raised as to the proposed First Amended Complaint. The proposed First Amended Complaint is now attached as Exhibit A, and the Court can evaluate its sufficiency on the face of the actual pleading under the Rule 12(b)(6) standard. It states a claim.

## Conclusion

For the foregoing reasons, the plaintiffs respectfully ask the Court to grant leave to file the First Amended Complaint attached as Exhibit A.

Dated: July 6, 2026

Respectfully submitted,

*/s/ David Newmann*
David Newmann (*Admitted Pro Hac Vice*)
**HOGAN LOVELLS CADWALADER US LLP**
1735 Market St., 23rd Floor
Philadelphia, Pennsylvania 19103
Tel. (267) 675-4600
Fax (267) 675-4601
david.newmann@hlc.com

Bryan L. Sells
Georgia Bar No. 635562
**THE LAW OFFICE OF BRYAN L. SELLS, LLC**
Post Office Box 5493
Atlanta, Georgia 31107-0493
bryan@bryansellslaw.com

Lynsey Morris Barron
Georgia Bar No. 661005
**BARRON LAW LLC**
1800 Peachtree St. NE, Suite 300
Atlanta, GA
404-276-3261 30309
lynsey@barron.law

Arielle Anderson (*Admitted Pro Hac Vice*)
**HOGAN LOVELLS CADWALADER US LLP**
609 Main St., Suite 4200
Houston, Texas 77002
Tel. (713) 632-1400
Fax (713) 632-1401
arielle.anderson@hlc.com

*Attorneys for Driver Plaintiffs*

9

Robert N. Weiner*
Julie M. Houk (*Admitted Pro Hac Vice*)
Grace Thomas (*Admitted Pro Hac Vice*)
Samantha Heyward (*Admitted Pro Hac Vice*)
**LAWYERS' COMMITTEE FOR CIVIL
RIGHTS UNDER LAW**
1500 K Street, Suite 900
Washington, DC 20005
(202) 662-8600
rweiner@lawyerscommittee.org
jhouk@lawyerscommittee.org
gthomas@lawyerscommittee.org
sheyward@lawyerscommittee.org

Stacey M. Mohr
Georgia Bar No. 619207
**EVERSHEDS SUTHERLAND (US) LLP**
999 Peachtree Street NE
Atlanta, GA 30309
(404) 853-8000
staceymohr@eversheds-sutherland.com

Harmony L. Jones*
Maria L. Stratienko*
John Coffron*
**EVERSHEDS SUTHERLAND (US) LLP**
700 Sixth Street, NW, Suite 700
Washington, DC 20001-3980
(202) 383-0100
harmonyjones@eversheds-sutherland.com
mariastratienko@eversheds-sutherland.com
johncoffron@eversheds-sutherland.com

10

John H. Fleming
Georgia Bar No. 263250
**JOHN H. FLEMING LAW LLC**
1066 Springdale Rd., N.E.
Atlanta, GA  30306
(404) 285-5084
john@jhflaw.org

***Attorneys for National Association for the
Advancement of Colored People Georgia
State Conference***

*** Motion for admission Pro Hac Vice
forthcoming*

11