IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **Courtney L. Driver**, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>**Houston County Board of Elections**, et al.**,**<br><br>Defendants. | Case No. 5:25-cv-00025-MTT<br><br>Hon. Marc T. Treadwell<br><br>**Plaintiffs' Reply in Support of Their Motion for Leave to Amend** |

The defendants don't oppose the *Callais*-related amendments to the plaintiffs' Section 2 claim, ECF 89 at 3, and they reserve any futility argument for a later motion under Rule 12(b)(6), *id.* at 3 n.1, so the sufficiency of the proposed pleading isn't before the Court. What remains is a misreading of the Court's June 22 order and two *Foman* factors—undue delay and undue prejudice—neither of which survives the posture the Court's own order created. The Court should grant leave.

## I. The June 22 order permits the addition of Count II.

The defendants first argue that the Court authorized only *Callais*-related amendments, so Count II exceeds the Court's leave. ECF 89 at 4–5. That

argument fails because the order contains no such limitation and, in any event, Count II is plainly related to *Callais*.

The defendants' argument ignores the order's clear language: "IT IS FURTHER ORDERED that the deadlines for moving to amend Plaintiffs' Complaint and for conducting additional fact and expert discovery pertaining to *Louisiana v. Callais*, 146 S. Ct. 1131 (2026), are hereby extended until July 6, 2026, and September 4, 2026, respectively . . . ." ECF 87 at 1. The order pairs two deadlines with two dates and the word "respectively." The qualifier "pertaining to *Louisiana v. Callais*" sits in the second limb and modifies the discovery clause it follows; under the rule of the last antecedent, it doesn't reach back to the amendment clause. *See Lockhart v. United States*, 577 U.S. 347, 351 (2016).

More fundamentally, what the Court extended was a deadline—a time limit, not a subject-matter limit. If the Court had meant to restrict what the plaintiffs could seek leave to plead, it would have said so. It didn't. And the defendants cite no authority—none—for the proposition that a scheduling order silently narrows Rule 15. The law runs the other way: a scheduling order governs *when* a party may move to amend, and Rule 15(a)(2) governs *whether* the amendment should be allowed. *See, e.g., S&W Enters., LLC v. SouthTrust*

*Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003). No court of appeals has ever held otherwise.[1]

In any event, the intentional discrimination claim in Count 2 is directly related to *Callais*. The defendants contend that "[n]othing in *Callais* contemplates a separate constitutional claim" and that the claim "was not affected by *Callais*." ECF 89 at 10, 2. That misconceives the question. The Rule 15 question isn't whether *Callais* created the constitutional claim; it's whether *Callais* changed the calculus for pleading it. It did, as the defendants already have acknowledged.

Before *Callais*, amended Section 2 supplied a results test—liability on discriminatory effects alone—so a parallel constitutional count demanded proof of purpose while adding nothing to the relief. *Callais* changed both sides of that ledger. In language the defendants highlighted in opposing plaintiffs' motion to amend the scheduling order, ECF No. 78 at 3–4 & n.4, *Callais* reinterpreted Section 2 to impose liability "only when the circumstances give rise to a strong inference that intentional discrimination occurred." *Louisiana v. Callais,* 146 S. Ct. 1131, 1156 (2026). It tightened each *Gingles* precondition—race-blind

---

[1] Even on the defendants' reading of the order, Rule 16(b)(4) would be satisfied. Good cause turns on whether a deadline could reasonably have been met despite diligence, *see Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998), and no party could have moved to amend in response to *Callais* before the Supreme Court decided it. The plaintiffs moved to modify the schedule within weeks of the decision and then met the deadline the Court set.

illustrative plans, bloc voting that partisanship can't explain—and refocused the totality inquiry on present-day intentional discrimination, giving historical evidence "much less weight." *Id.* at 1159–60. When the Supreme Court raises the bar on the effects theory and pulls the whole statute toward intent, the value of pleading the constitutional claim—under which the historical record retains its full force under *Arlington Heights*—changes fundamentally. That recalibration is what Count II responds to.

## II. The motion is timely.

The Court has already ruled on the schedule. The defendants opposed plaintiffs' motion to amend the scheduling order. ECF 78. The Court granted the motion over that opposition and set a July 6 deadline to move to amend. ECF 87. This motion met that deadline. The timeliness argument is a request to relitigate that order.

It also misstates the law. "[T]he mere passage of time, without more, is an insufficient reason to deny leave to amend a complaint." *Hester v. Int'l Union of Operating Eng'rs*, 941 F.2d 1574, 1578–79 (11th Cir. 1991). What matters is the movant's reason for the timing. *In re Engle Cases*, 767 F.3d 1082, 1109 (11th Cir. 2014). An intervening Supreme Court decision nine weeks before the motion is the paradigm of an adequate explanation. *Bryant* isn't to the contrary: it holds that delay alone is insufficient, not that denial is proper whenever a defendant

can recite something more. *Bryant v. Dupree,* 252 F.3d 1161, 1163–64 (11th Cir. 2001).

The defendants' cases involved amendments with no explanation at all. In *Local 472*, the motion came two years in, after discovery had closed and every defendant had moved for summary judgment—and the plaintiff never responded to that motion. *Local 472 of the United Ass'n of Journeymen & Apprentices of Plumbing & Pipefitting Indus. of U.S. & Canada v. Georgia Power Co.,* 684 F.2d 721, 724–25 (11th Cir. 1982). In *In re Beef Industry*, the plaintiffs moved after summary judgment had been *granted*. *In re Beef Indus. Antitrust Litig., MDL Docket No. 248,* 600 F.2d 1148, 1162 (5th Cir. 1979). And *Maynard* turned on there being "no good reason why [the plaintiff] could not have made the motion earlier." *Maynard v. Bd. of Regents of Div. of Univs. of Fla. Dept. of Educ.,* 342 F.3d 1281, 1287 (11th Cir. 2003). Here, there's a good reason, and the Court has already accepted it.

Nor does Count II carry the case anywhere new: it arises from the conduct the operative complaint has challenged since March 2025—the adoption and maintenance of the at-large method. Same parties, same practice, same relief. The Complaint-in-Intervention already alleged the at-large structure with its enhancing devices, the county's "long and extensive history of voting discrimination," and Commissioner Porter's lone electoral success. ECF 14 ¶¶ 11–12, 20–21, 30, 32. Count II attaches a constitutional label to the practice that

this case has always been about.[2] And the argument that the new allegations "rest on public enactments" that "did not require discovery," ECF 89 at 7–8, 2, confuses factual availability with legal viability; the Rule 15 question is undue delay and undue prejudice, not whether facts sat in a public archive.

**III. The amendment won't unduly prejudice the defendants.**

**A. The summary-judgment motion isn't briefed or decided.**

The defendants' lead prejudice argument is that the amendment is a maneuver to escape their pending summary-judgment motion. ECF 89 at 9–10. *Campbell* addresses amendments asserted "after the close of discovery and after dispositive motions have been filed, briefed, *and decided*." *Campbell v. Emory Clinic,* 166 F.3d 1157, 1162 (11th Cir. 1999) (emphasis added). *Lowe's* involved leave sought two months after summary judgment was filed and a month after the plaintiff had responded. *Lowe's Home Centers, Inc. v. Olin Corp.,* 313 F.3d 1307. 1314–15 (11th Cir. 2002). Here, the Court suspended the plaintiffs' response deadlines and reopened discovery two weeks before this motion. ECF 87. The motion isn't briefed or decided. The posture that the defendants call a tactic is the Court's own order.

---

[2] As a practical matter, the value of the constitutional claim is to shield this action from the defendants' argument that there is no private right of action for the plaintiffs' statutory claim. *See* ECF 29-1 at 3–13.

### B. The discovery burden is of the defendants' own choosing.

The intent record for enactments spanning 1922 to 1990 is documentary and archival—session laws, journals, contemporaneous newspapers—and much of it is already in this record. Dr. Bagley's December 2025 report traces the enactment history from 1922 forward. The defendants deposed him on March 24, 2026, and they chose not to disclose a rebuttal historian. That was a litigation choice, not prejudice. Their assertion that a constitutional claim would now require expert work in "at least four different historical areas," ECF 89 at 17, concedes that the work was available to be done—and remains available within the discovery period that the Court has provided.[3]

### C. There will be no legislative-privilege disputes.

The defendants predict legislative-privilege battles. ECF 89 at 16. There will be none. The sources that matter to enactments between 1922 and 1990—session laws, legislative journals, and the contemporaneous public record—are published and archival, and the privilege doesn't reach materials that were public from the start. Both of the defendants' authorities, *Pernell* and *In re Georgia Senate Bill 202*, involved compelled discovery from sitting legislators

[3] *Abbott v. Perez* holds that a legislature enacting a new districting plan doesn't automatically inherit a predecessor's discriminatory intent. 585 U.S. 579, 603–05 (2018). It says nothing about the maintenance of an unchanged structure that the same body has repeatedly reenacted. *Hunter v. Underwood* invalidated a 1901 enactment on precisely that kind of showing notwithstanding the passage of time. 471 U.S. 222, 233 (1985).

about contemporary enactments. *Pernell v. Fla. Bd. of Governors of State Univ.,* 84 F.4th 1339, 1343 (11th Cir. 2023); *In re Georgia Senate Bill 202,* 1:21:MI-55555, 2023 WL 3137982, at *2 (N.D. Ga. Apr. 27, 2023). A dispute that can't arise can't prejudice anyone.

**IV. The deposition excerpts are beside the point.**

The excerpts quoted at pages 14 and 15 of the response go to evidentiary sufficiency—a summary-judgment question, and one the defendants have reserved for a later motion in any event. ECF 89 at 3 n.1. They're attached to no factor properly before the Court—and they don't say what they're quoted for. On the very page the defendants excerpt, Dr. Bagley affirmed his report's conclusion that "[t]here is . . . historical evidence to suggest that the 1970 bill . . . was enacted with the intent to prevent the election of Black-preferred candidates," describing "circumstantial contextual evidence that the court may find relevant." ECF 80 (Bagley Dep.) at 59:2–18. A historian who declines to perform the court's *Arlington Heights* analysis is respecting the line Rule 702 draws—and *Rogers* itself rested on a court's inferences from circumstantial evidence, not expert conclusions about intent. *See Rogers v. Herman Lodge,* 458 U.S. 613, 618, 623–27 (1982). Ms. Driver's answers concern her personal knowledge, ECF 81 (Driver Dep.) at 53:23–54:4—the same pattern as ECF 78-2 at 3—and the next questions confirm she doesn't know why, or for how long, the county has used at-large elections. *Id.* at 54:13–21. A lay plaintiff's personal knowledge says

nothing about the General Assembly's purposes in 1922, 1958, 1966, 1970, or 1990.

## V. The revised Exhibit A.

With this reply, the plaintiffs submit a revised Exhibit A and an updated redline (revised Exhibit B). The revisions add allegations concerning a 1966 amendment to the Houston County Commission, Revised Ex. A ¶¶ 19–23, 30, 37; correct the description of the 1958 Act, *id.* ¶¶ 19–20; and restore the allegations concerning Commissioner Houston Porter, *Id.* ¶¶ 49–50.

## VI. The defendants' alternative request isn't before the Court.

Finally, the defendants ask in the alternative for a status conference, "at least six more months of discovery," and a new expert schedule. ECF 89 at 17–18. That request isn't before the Court. The plaintiffs haven't sought any extension of the September 4 discovery deadline and are prepared to complete the ordered discovery on the existing schedule. Whether the defendants need more time for their own defense is a matter for a properly supported motion of their own if leave is granted—not a condition on the plaintiffs' right to amend. And prejudice that the defendants themselves say a scheduling adjustment would cure isn't "undue" prejudice under *Foman*. *See Howard v. Kimley-Horn & Assocs., Inc.*, No. 1:20-CV-1666, 2022 WL 22868608, at *2–3 (N.D. Ga. May 31, 2022).

## VII. Conclusion.

For these reasons and those in the opening memorandum, the Court should grant leave to file the First Amended Complaint in the form attached as revised Exhibit A, or as further revised to incorporate facts discovered since July 6, 2026.

Dated: August 10, 2026

Respectfully submitted,

*/s/ David Newmann*
David Newmann (*Admitted Pro Hac Vice)*
**HOGAN LOVELLS CADWALADER US LLP**
1735 Market St., 23rd Floor
Philadelphia, Pennsylvania 19103
Tel. (267) 675-4600
Fax (267) 675-4601
david.newmann@hlc.com

Bryan L. Sells
Georgia Bar No. 635562
**THE LAW OFFICE OF BRYAN L. SELLS, LLC**
Post Office Box 5493
Atlanta, Georgia 31107-0493
bryan@bryansellslaw.com

Lynsey Morris Barron
Georgia Bar No. 661005
**BARRON LAW LLC**
1800 Peachtree St. NE, Suite 300
Atlanta, GA
404-276-3261
lynsey@barron.law

Arielle Anderson (*Admitted Pro Hac Vice)*
**HOGAN LOVELLS CADWALADER US LLP**
609 Main St., Suite 4200
Houston, Texas 77002
Tel. (713) 632-1400
Fax (713) 632-1401
arielle.anderson@hlc.com

*Attorneys for Driver Plaintiffs*

Robert N. Weiner*
Julie M. Houk**
Grace Thomas**
Samantha Heyward**
**LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW**
1500 K Street, Suite 900
Washington, DC 20005
(202) 662-8600
rweiner@lawyerscommittee.org
jhouk@lawyerscommittee.org
gthomas@lawyerscommittee.org
sheyward@lawyerscommittee.org

Stacey M. Mohr
Georgia Bar No. 619207
**EVERSHEDS SUTHERLAND (US) LLP**
999 Peachtree Street NE
Atlanta, GA 30309
(404) 853-8000
staceymohr@eversheds-sutherland.com

Harmony L. Jones*
Maria L. Stratienko*
John Coffron*
**EVERSHEDS SUTHERLAND (US) LLP**
700 Sixth Street, NW, Suite 700
Washington, DC 20001-3980
(202) 383-0100
harmonyjones@eversheds-sutherland.com
mariastratienko@eversheds-sutherland.com
johncoffron@eversheds-sutherland.com

John H. Fleming
Georgia Bar No. 263250
**JOHN H. FLEMING LAW LLC**
1066 Springdale Rd., N.E.
Atlanta, GA  30306
(404) 285-5084
john@jhflaw.org

*Attorneys for Georgia NAACP*

** Motion for admission Pro Hac Vice forthcoming*
*** Admitted Pro Hac Vice*