IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **Courtney L. Driver**, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>**Houston County Board of Elections**, et al.**,**<br><br>Defendants. | Case No. 5:25-cv-00025-MTT |
| **Jacqueline Rozier**, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>**Houston County Board of Elections**, et al.**,**<br><br>Defendants. | Case No. 5:25-cv-00478-MTT |

## Amended Scheduling and Discovery Order

In accordance with the Court's order dated August 18, 2026, granting the plaintiffs leave to amend and consolidating these two cases for purposes of discovery, the parties to both actions conferred on August

26, 2026, and jointly developed this Proposed Amended Scheduling and Discovery Order containing deadlines and limitations as follows:

## I. Nature of the Case:

These are actions challenging the method of electing members of the Houston County Board of Commissioners under Section 2 of the Voting Rights Act of 1965, 52 U.S.C. § 10301, and as a violation of the Fourteenth and Fifteenth Amendments to the U.S. Constitution.

The plaintiffs are Black voters and the National Association for the Advancement of Colored People Georgia State Conference (Georgia NAACP), who seek declaratory and injunctive relief prohibiting further use of the existing method of election on the ground that it dilutes Black voting strength in violation of Section 2.

The plaintiffs also seek declaratory and injunctive relief prohibiting further use of the existing method of election on the ground that it was adopted and has been maintained, at least in part, for the purpose of diluting Black voting strength, in violation of the Fourteenth and Fifteenth Amendments to the United States Constitution.

## II. Counsel of Record:

The following individually-named attorneys are designated lead counsel for the parties:

Bryan Sells
The Law Office of Bryan L. Sells, LLC
Post Office Box 5493
Atlanta, Georgia 31107-0493

(404) 480-4212 (voice/fax)
bryan@bryansellslaw.com

*Lead Counsel for the Driver Plaintiffs*

John H. Fleming
Georgia Bar No. 263250
John H. Fleming Law LLC
1066 Springdale Rd., N.E.
Atlanta, GA 30306
(404) 285-5084
john@jhflaw.org

*Lead Counsel for Georgia NAACP Plaintiffs*

Carlos A. Andino III
Southern Poverty Law Center
150 E. Ponce de Leon, Suite 340
Decatur, GA 30030
(404) 670-9355
carlos.andino@splcenter.org

*Lead Counsel for the Rozier Plaintiffs*

Bryan P. Tyson
Tyson Younker LLC
1225 Johnson Ferry Road
Suite 600-A
Marietta, Georgia 30068
(678) 223-3160 (phone)
btyson@tysonyounker.com

*Lead Counsel for the Defendants*

## III. Complaint and Answer filing dates:

Complaint was filed in *Driver*: March 5, 2025

Answer was filed in *Driver*: September 16, 2025

Complaint was filed in *Rozier:* October 30, 2025

Answer was filed in *Rozier*: January 7, 2026

First Amended Complaint was filed in *Driver*: August 20, 2026

First Amended Complaint was filed in *Rozier*: August 27, 2026

## IV. Discovery Deadlines:

### A. Time for Discovery

The time for discovery in these cases shall expire on Wednesday, December 30, 2026.

If a party believes that more time for discovery is needed, an appropriate motion, accompanied by a proposed order for the Court, may be filed setting forth good cause for an extension.

### B. Scope of Discovery

The parties anticipate discovery on the following subjects:

1. Election data
2. Voter registration data
3. Demographic data
4. The *Gingles* preconditions
5. The Senate factors
6. The historical background and sequence of events surrounding the adoption and maintenance of the at-large method of electing the Houston County Board of Commissioners, including the 1922, 1958, 1966, 1970, and 1990 local acts
7. Whether the at-large method of election was adopted or has been maintained for a discriminatory purpose, including the factors identified in *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252 (1977), *Rogers v. Lodge*, 458 U.S. 613 (1982), and *Greater Birmingham Ministries v. Sec'y of State for State of Alabama*, 992 F.3d 1299, 1318 (11th Cir. 2021)
8. The defendants' affirmative defenses

The parties do not anticipate needing to conduct discovery in phases or to limit discovery to particular subjects.

## C. Electronically Stored Information

The parties do not anticipate any issues about the disclosure, discovery, or preservation of electronically stored information. The parties will meet and confer as necessary on the form of production.

## D. Privilege Claims

The parties do not anticipate any issues about claims of privilege or protection.

## E. Witnesses to be Deposed

The parties have already deposed a number of witnesses, including the plaintiffs, the defendants' expert witnesses, the plaintiffs' expert witnesses, and current and former county officials. The parties anticipate that some of those witnesses may need to be deposed again in light of the Amended Complaints, and the parties stipulate under Federal Rule of Civil Procedure 30(a)(2)(A)(ii) that leave of court will not be required to depose a witness who has already been deposed in these cases. In any such deposition, the parties will use their best efforts to avoid covering ground already covered in the witness's earlier deposition.

The parties also anticipate deposing witnesses not previously deposed, including witnesses with knowledge of the adoption and maintenance of the at-large method of election, and they reserve the right to depose any other witness identified during the course of discovery.

The parties agree that each side may take up to ten depositions during the reopened discovery period (including new witnesses and/or witnesses previously deposed), without regard to the number of depositions taken before the entry of this order, and that depositions taken before the entry of this order will not count against that limit.

## F. Expert Witnesses

Plaintiffs must disclose expert witnesses and provide appropriate expert reports on or before October 1, 2026.

Defendants must disclose expert witnesses and provide appropriate expert reports on or before October 30, 2026.

Plaintiffs must disclose any expert rebuttal reports on or before November 30, 2026.

Expert reports shall comply with Federal Rule of Civil Procedure 26(a)(2)(B). Except as required by Rule 26(e) of the Federal Rules of Civil Procedure, expert reports may not be supplemented without the consent of all parties or leave of Court.

## G. Discovery Limitations or Need for Protective Order

Under the Local Rules, interrogatories may not exceed 25 to each party, requests for admission may not exceed 15 requests to each party, and requests for production of documents may not exceed 10 requests to each party. The parties agree that each side may serve additional written discovery beyond those limits as follows: up to 13 additional interrogatories to each party, up to 5 additional requests for production of documents to each party, and up to 8 additional requests for admissions to each party. These additional requests are in addition to, and not in place of,

each side's original allotment, whether or not that allotment has been exhausted.

The parties agree that requests for admission that are propounded solely to authenticate documents as provided for under Federal Rule of Civil Procedure 36(a)(1)(B) are excluded from Local Rule 36's limitation on the number of requests to admit that can be propounded.

### H. <u>Discovery Disputes</u>

Before moving for an order relating to discovery, including motions to compel or contested motions for protective orders, the movant must email Kim A. Tavalero, Courtroom Deputy, at kim_tavalero@gamd.uscourts.gov to request a telephone conference with the Court. The movant shall include a brief summary of the dispute, and opposing counsel shall respond with their brief summary.

## V. Time for Filing Motions:

### A. <u>Motions to Amend the Pleadings or to Join Parties</u>

The deadline for motions seeking to amend the pleadings or to join parties has passed, and the parties do not anticipate any further amendments or joinder.

### B. <u>Dispositive Motions</u>

All dispositive motions must be filed no later than January 29, 2027.

### C. *Daubert* Motions

All *Daubert* motions must be filed no later than January 29, 2027.

## VI. Certification of the Parties and Counsel:

The Parties, by the signature of counsel below, certify they have conferred and discussed the nature and basis of their claims and defenses and the possibilities for prompt settlement or resolution of the case, pursuant to Local Rule 26(a).

Counsel further certify they have read the Court's Rules 16 and 26 Order. All counsel of record shall digitally sign below.

This 28th day of August, 2026.

/s/ ***Bryan L. Sells***
Bryan L. Sells
Georgia Bar No. 635562
The Law Office of Bryan L. Sells, LLC
Post Office Box 5493
Atlanta, Georgia 31107-0493
(404) 480-4212 (voice/fax)
bryan@bryansellslaw.com

Lynsey Barron
BarronWard LLC
1800 Peachtree St. NE, Suite 300
Atlanta, Georgia 30309
404-276-3261
lynsey@barronward.com

Arielle Anderson (*Admitted Pro Hac Vice)*
HOGAN LOVELLS US LLP
609 Main St., Suite 4200
Houston, Texas 77002
Tel. (713) 632-1400

Fax (713) 632-1401
arielle.anderson@hoganlovells.com

David Newmann (*Admitted Pro Hac Vice)*
HOGAN LOVELLS US LLP
1735 Market St., 23rd Floor
Philadelphia, Pennsylvania 19103
Tel. (267) 675-4600
Fax (267) 675-4601
david.newmann@hoganlovells.com

*Counsel for the Driver Plaintiffs*

***/s/ John H. Fleming***

John H. Fleming
Georgia Bar No. 263250
John H. Fleming Law LLC
1066 Springdale Rd., N.E.
Atlanta, GA 30306
(404) 285-5084
john@jhflaw.org

Robert N. Weiner*
Julie M. Houk (*Admitted Pro Hac Vice)*
Grace Thomas (*Admitted Pro Hac Vice)*
Samantha Heyward (*Admitted Pro Hac Vice*)
LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW
1500 K Street, Suite 900
Washington, DC 20005
(202) 662-8600
rweiner@lawyerscommittee.org
jhouk@lawyerscommittee.org
gthomas@lawyerscommittee.org
sheyward@lawyerscommittee.org

Stacey M. Mohr
Georgia Bar No. 619207
EVERSHEDS SUTHERLAND (US) LLP

999 Peachtree Street NE
Atlanta, GA 30309
(404) 853-8000
stacymohr@eversheds-sutherland.com

Harmony L. Jones*
Maria L. Stratienko*
John Coffron*
EVERSHEDS SUTHERLAND (US) LLP
700 Sixth Street, NW, Suite 700
Washington, DC 20001-3980
(202) 383-0100
harmonyjones@eversheds-sutherland.com
mariastratienko@eversheds-sutherland.com
johncoffron@eversheds-sutherland.com

*Counsel for Georgia NAACP Plaintiffs*

* Motion for admission Pro Hac Vice forthcoming

***/s/ Carlos Andino***
Carlos A. Andino III
Georgia Bar No. 241837
SOUTHERN POVERTY LAW CENTER
150 E. Ponce de Leon, Suite 340
Decatur, GA 30030
(404) 670-9355
carlos.andino@splcenter.org

Matletha Bennette
SOUTHERN POVERTY LAW CENTER
P.O. Box 10788
Tallahassee, FL 32302
(850) 408-4840
matletha.bennette@splcenter.org

Bradley E. Heard (GA Bar No. 342209)
Jack Genberg (GA Bar No. 144076)
SOUTHERN POVERTY LAW CENTER
1101 17th St. NW, Suite 550

Washington, DC 20036
(571) 682-0014
bradley.heard@splcenter.org
jack.genberg@splcenter.org

*Counsel for the Rozier Plaintiffs*

***/s/ Bryan P. Tyson***
Bryan P. Tyson
Georgia Bar No. 515411
btyson@tysonyounker.law
David J. Younker
Georgia Bar No. 940387
dyounker@tysonyounker.law
**Tyson Younker LLC**
1225 Johnson Ferry Road
Suite 600-A
Marietta, GA 30068
678.223.3160 (phone)

*Counsel for the Defendants*

The Court, having reviewed the information contained in the Proposed Amended Scheduling and Discovery Order completed and filed jointly by the parties to these actions, hereby **ADOPTS** the parties' plan and **MAKES IT THE ORDER OF THE COURT**.

**SO ORDERED**, this 30th day of August, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT