**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| COURTNEY L. DRIVER, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>HOUSTON COUNTY BOARD OF ELECTIONS, *et al.*,<br><br>*Defendants*. | Civil Action No. 5:25-cv-00025-MTT |

## DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendants Houston County Board of Elections and Henry Childs, in his official capacity, answer Plaintiffs' First Amended Complaint, Doc. 93 as follows:

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiffs fail to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiffs lack standing to bring this action.

### Third Affirmative Defense

Plaintiffs have not been subjected to the deprivation of any right, privilege, or immunity under the Constitution or laws of the United States.

**Fourth Affirmative Defense**

Countywide elections are not a standard, practice, or procedure for purposes of Section 2 of the Voting Rights Act.

**Fifth Affirmative Defense**

Plaintiffs' requested relief is barred by the *Purcell* principle.

**Sixth Affirmative Defense**

Plaintiffs' claims are barred because there is no private right of action under Section 2 of the VRA.

**Seventh Affirmative Defense**

Plaintiffs fail to state a claim for relief under 42 U.S.C. §§ 1983 and 1988 because Section 2 of the VRA is not enforceable through § 1983.

**Eighth Affirmative Defense**

Defendants are not the proper parties to answer for, and cannot be held liable for, the legislative acts of the Georgia General Assembly, including the 1922, 1958, 1966, 1970, and 1990 enactments referenced in the First Amended Complaint.

**Ninth Affirmative Defense**

Defendants reserve the right to amend their defenses and to add additional ones, including lack of subject matter jurisdiction based on mootness or ripeness, as further information becomes available in discovery.

**RESPONSES**

Defendants respond to the separately numbered paragraphs and prayer for relief contained in the First Amended Complaint below. To the extent that any allegation is not admitted in this Answer, it is denied.

1. The allegations in Paragraph 1 are legal conclusions to which no response is required and Defendants therefore deny them.

2. Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations about Plaintiffs contained in Paragraph 2 and, therefore, deny the same. The remaining allegations are legal conclusions to which no response is required and Defendants therefore deny them.

3. The allegations in Paragraph 3 are legal conclusions to which no response is required and Defendants therefore deny them.

4. The allegations in Paragraph 4 are legal conclusions to which no response is required and Defendants therefore deny them.

5. Defendants admit that, to the extent this Court has jurisdiction over Plaintiffs' claims, venue is proper in this Court.

6. Defendants admit the allegations contained in Paragraph 6.

7. Defendants admit the allegations contained in Paragraph 7.

8. Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 8 and, therefore, deny the same.

9. Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 9 and, therefore, deny the same.

10. Defendants admit the allegations contained in Paragraph 10.

11. Defendants admit the allegations contained in Paragraph 11.

12. Defendants admit the allegations contained in Paragraph 12.

13. Defendants admit the allegations contained in Paragraph 13.

14. The allegations in Paragraph 14 are legal conclusions to which no response is required and Defendants therefore deny them. Defendants further state that the 1922 Act speaks for itself.

15. Defendants admit that significant barriers to voting existed for Black voters in 1920. Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations contained in Paragraph 15 and, therefore, deny the same.

16. Defendants admit the allegations contained in Paragraph 16.

17. The allegations in Paragraph 17 are legal conclusions to which no response is required and Defendants therefore deny them. Defendants further state that the 1953 and 1955 Acts speak for themselves.

18. Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 18 and, therefore, deny the same.

19. The allegations in Paragraph 19 are legal conclusions to which no response is required and Defendants therefore deny them. Defendants further state that the 1958 Act speaks for itself.

20. Defendants deny the allegations contained in Paragraph 20.

21. The allegations in Paragraph 21 are legal conclusions to which no response is required and Defendants therefore deny them. Defendants further state that the 1966 Act speaks for itself.

22. The allegations in Paragraph 22 are legal conclusions to which no response is required and Defendants therefore deny them. Defendants further state that the 1966 Act speaks for itself.

23. Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 23 and, therefore, deny the same.

24. Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 24 and, therefore, deny the same.

25. Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 25 and, therefore, deny the same.

26. The allegations in Paragraph 26 are legal conclusions to which no response is required and Defendants therefore deny them. Defendants further state that the 1970 Act speaks for itself.

27. The allegations in Paragraph 27 are legal conclusions to which no response is required and Defendants therefore deny them. Defendants further state that the 1970 Act on the Board of Education speaks for itself.

28. Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 28 and, therefore, deny the same.

29. Defendants admit the allegations contained in Paragraph 29.

30. Defendants admit the allegations contained in Paragraph 30.

31. Defendants deny the allegations contained in Paragraph 31.

32. The allegations in Paragraph 32 are legal conclusions to which no response is required and Defendants therefore deny them. Defendants further state that the 1990 Act speaks for itself.

33. Defendants admit that the 2020 Census reported the population figures for Houston County as alleged. Defendants deny the remaining allegations contained in Paragraph 33.

34. Defendants deny the allegations contained in Paragraph 34.

35. Defendants admit that some members of the Board of Commissioners have met with Black residents of Houston County to hear their concerns. Defendants deny the remaining allegations contained in Paragraph 35 and deny that Defendants or the Board of Commissioners has any ability to alter the countywide method of election.

36. Defendants deny the allegations contained in Paragraph 36.

37. Defendants deny the allegations contained in Paragraph 37.

38. Defendants admit the allegations contained in Paragraph 38.

39. Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 39 and, therefore, deny the same.

40. Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 40 and, therefore, deny the same.

41. Defendants deny the allegations contained in Paragraph 41.

42. Defendants deny the allegations contained in Paragraph 42.

43. Defendants deny the allegations contained in Paragraph 43.

44. Defendants deny the allegations contained in Paragraph 44.

45. Defendants deny the allegations contained in Paragraph 45.

46. Defendants deny the allegations contained in Paragraph 46.

47. Defendants deny the allegations contained in Paragraph 47.

48. Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 48 and, therefore, deny the same.

49. Defendants admit that Houston Porter was a Black candidate who ran successfully for Board of Commissioners three times. Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations contained in Paragraph 49 and, therefore, deny the same.

50. Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 50 and, therefore, deny the same.

51. Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 51 and, therefore, deny the same.

52. Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 52 and, therefore, deny the same.

53. Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 53 and, therefore, deny the same.

54. Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 54 and, therefore, deny the same.

55. Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 55 and, therefore, deny the same.

56. Defendants deny the allegations contained in Paragraph 56.

57. Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 57 and, therefore, deny the same.

58. Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 58 and, therefore, deny the same.

59. Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 59 and, therefore, deny the same.

60. Defendants admit that, prior to 1990, the State of Georgia had a history of voting discrimination against Black voters. Defendants deny the remaining allegations contained in Paragraph 60.

61. Defendants deny the allegations contained in Paragraph 61.

62. Defendants admit that Georgia's majority-vote requirement applies to Houston County elections. Defendants deny the remaining allegations contained in Paragraph 62.

63. Defendants deny the allegations contained in Paragraph 63.

64. Defendants deny the allegations contained in Paragraph 64.

65. Defendants deny the allegations contained in Paragraph 65.

66. Defendants deny the allegations contained in Paragraph 66.

67. Defendants deny the allegations contained in Paragraph 67.

68. Defendants deny the allegations contained in Paragraph 68.

69. Defendants deny the allegations contained in Paragraph 69.

70. Defendants deny the allegations contained in Paragraph 70.

71. Defendants deny the allegations contained in Paragraph 71.

Defendants deny that Plaintiffs are entitled to any relief they seek, including the relief set forth in the prayer for relief on page 18 of the First Amended Complaint.

Defendants further deny every allegation not specifically admitted in this Answer.

Respectfully submitted this 3rd day of September, 2026.

*/s/ Bryan P. Tyson*
Bryan P. Tyson
Georgia Bar No. 515411
btyson@tysonyounker.law
David Younker
Georgia Bar No. 940387
dyounker@tysonyounker.law
**Tyson Younker LLC**
1225 Johnson Ferry Road, Suite 600-A
Marietta, Georgia 30068
678.223.3160 (office)
*Counsel for Defendants*